### THE CITY OF PROVIDENCE, PLAINTIFF IN ERROR, v. DANIEL R. CLAPP.

The statutes of Rhode Island require towns to keep the highways safe and convenient for travellers, at all seasons of the year; and, in case of neglect, " that they shall be liable to all persons, who may in anywise suffer injury to their persons or property, by reason of any such neglect."

These statutes extend to cities as well as towns, (or townships,) and also to sidewalks, where they constitute a part of the public highways. The city of Providence was, therefore, bound to keep those side-walks convenient and safe, in a reasonable degree, for pedestrians; and, when a fall of snow took place, it was the duty of the city to use ordinary care and diligence to restore the side-walk to a reasonably safe and convenient state.

It was for the jury to find whether or not this was accomplished, by treading down the snow; and, if not, whether the want of safety and convenience was owing to the want of ordinary care and diligence on the part of the city.

In considering whether due diligence required the city to remove the snow, the jury ought to take into consideration the ordinances enacted by the city, not as prescribing a rule binding on the city, but as evidence of the fact that a removal, and not a treading down of the snow, was reasonably necessary.

THIS case was brought up by writ of error, from the circuit court of the United States for the district of Rhode Island.

It was a suit brought by Clapp against the city of Providence, to recover damages for an injury occasioned by an obstruction on the side-walk in one of its principal streets. The

14 *

obstruction consisted of a ridge of hard-trodden snow and ice, on the centre of the side-walk, along which the plaintiff was passing in the night time, and by means of which he fell across the ridge, breaking his thigh-bone in an oblique direction. The jury found a verdict for the plaintiff, and assessed his damages at $3,379.50.

The circumstances of the case, and the rulings of the court which gave rise to the bills of exceptions upon which the case came up, are stated in the opinion of the court.

It was argued by *Mr. Ames,* for the plaintiff in error, and by *Mr. Jencks,* for the defendant.

The points made by *Mr. Ames* were the following : —

1. That the duty of the towns and cities of Rhode Island, in dealing with falls of snow in their highways and streets, is created and imposed solely by the statutes of Rhode Island, and must be measured by the standard appointed by those statutes.

2. That the liability of said towns and cities, in civil actions, to individuals, for injuries sustained by them in their persons or property, through neglect of duty on the part of said towns or cities, in mending their highways and streets, and in removing therefrom permanent obstacles to passage, as well as temporary ones caused by the falls of snow, is created and imposed solely by said statutes, and cannot be extended beyond the statute measure thereof. Russell *v.* Inhabitants of Devon, 2 T. R. 667 ; Mower *v.* Inhabitants of Leicester, 9 Mass. R. 247 ; Loker *v.* Inhabitants of Brookline, 13 Pick. R. 346 ; Tisdale *v.* Inhabitants of Boston, 8 Met. R. 388 ; Holman *v.* Inhabitants of Townsend, 13 Ib. 297, 300 ; Brailey *v.* Southborough, 6 Cush. R. 141, 142 ; Hull *v.* Richmond, 2 Woodb. and Minot's R. 341, 342 ; Reed *v.* Inhabitants of Belfast, 20 Maine R. 246 ; Chidsey *v.* Canton, 17 Conn. R. 478–480 ; Morey *v.* Town of Newfane, 8 Barb. Sup. Ct. R. 646, 648, 650–653 ; Lumley *v.* Gye, 20 Eng. Law and Eq. R. 189 ; Sawyer *v.* Inhabitants of Northfield, 7 Cush. 494–496 ; Smith *v.* Inhabitants of Dedham, 8 Ib. 524 ; Farnum *v.* Concord, 2 New Hamp. R. 392.

3. That, by the statute of Rhode Island, entitled "An act for the mending of highways and bridges," the towns and cities of Rhode Island are bound only to keep their highways and streets open, in case of falls of snow, so as to be passable for travellers, and not to keep them from being slippery from ice or trodden-down snow ; and that the requisition, in this statute, that the highways and streets be kept safe and convenient for travellers, at all seasons of the year, refers, so far as the incumbrance of snow is concerned, if it refer at all to such incumbrance, to

safe and convenient passage through and over the same, in opposition to allowing the highways to remain, in case of falls of snow, blocked up and impeded thereby, so as to be unsafe and inconvenient of passage, and not to safety and convenience, in the sense of being kept free from ice or trodden-down snow, so that foot travellers or cattle may not slip or fall thereon.

That this appears, from the language used in the 1st section of said act, applied to its subject in the climate of New England, as well as by collating therewith the 14th and 15th sections of the same statute, and the 6th section of the act entitled " An act for mending highways," passed in 1798, and that the above construction of said statute is the accustomed, sensible — and, indeed, looking to the statute as a practical guide to duty — the necessary construction to be put thereon. Digest of Laws of R. I. of 1798, pp. 386, 387 ; Ib. of 1844, pp. 323, 326.

4. That the acts of the State of Rhode Island, relating to the side-walks of the city of Providence, do not change, in any way, nor extend the duty or liability of said city, in relation to the incumbrance thereon of snow, but were procured to be passed by said city, merely to enable it to provide for the building and maintaining of side-walks in said city, in a mode and at a charge and through an instrumentality different from those applied by law to other portions of the streets.

5. That, still less do the ordinances of said city, requiring the owners and occupants of lots and buildings therein to remove all the snow from the side-walks in front of the same, within a specified time, under penalty for neglect in this respect, create or extend or change the character of the duty of the city, in regard to the incumbrance of snow, nor create nor extend nor change the character of the liability of said city, for injuries occasioned by the said incumbrance. Levy *v.* Mayor, &c., of New York, 1 Sandf. Sup. Ct. N. Y. R. 465.

6. That said side-walk acts and ordinances afford no test or standard of the degree or kind of care, or mode of dealing with falls of snow, required of the city of Providence by the statute of Rhode Island, entitled " An act for the mending of highways and bridges," which, notwithstanding said acts and ordinances, and the different condition of Providence, applies the same standard, in this respect, to the other towns of the State, as to said city ; but are municipal regulations merely, extending the powers of the city of Providence, and by-laws passed by the legislative body of said city, imposing duties and liabilities upon her citizens, in respect to side-walks, and the removal of snow therefrom, without increasing or extending her own.

The points made by *Mr. Jencks*, for the defendant in error, were the following : —

1. That the statute of Rhode Island entitled " An act for the mending of highways and bridges," imposes upon the towns and cities of that State, the duty of keeping highways in a safe and convenient condition for travellers, at all seasons of the year, and creates a liability on the part of such town or city, to any person using such highway with ordinary and proper care, who suffers injury in consequence of any defect in such highway, or obstruction thereon which the town or city might have removed by the use of ordinary care and diligence, and which while thus negligently suffered to remain, rendered such highway inconvenient and unsafe. Cassedy *v.* Stockbridge, 21 Vermont, 391. Frost *v.* Portland, 11 Maine, 271 ; Bigelow *v.* Weston, 3 Pick. 267 ; Springer *v.* Bowdoinham, 7 Greenl. 442 ; Raymond *v.* Lowell, 6 Cush. 534.

2. That this duty and liability extends to side-walks when they constitute a part of the highway or public streets ; and such side-walks are required to be kept in a safe and convenient condition for pedestrians, as the roadway is for horses and carriages. Brady *v.* City of Lowell, 3 Cush. 121 ; Bacon *v.* City of Boston, Ib. 174 ; Drake *v.* City of Lowell, 13 Met. 292.

3. That the degree of convenience and safety which is required by said statute, and the degree of care and diligence which the towns and cities must bestow upon the highways, in order to relieve themselves from liability under the statute requirement, have relation to the nature and uses of the highway, and the frequency of its uses. That the same standard is not to be applied to the principal thoroughfares of the city of Providence, as to a cross road in the country, but that the law as to the extent of repair, and what will constitute obstructions rendering a public way unsafe and inconvenient, must depend, in a good degree, on the locality of the road.

4. That the law is the same when applied to obstructions of highways or side-walks by snow, as to any other obstruction, and the duties and liabilities of towns and cities in reference to the want of safety and convenience in their highways, caused by snow, as when caused by other obstructions.

That the latter clause of the first section of the statute does not vary or limit the duty imposed by the first clause, but is directory to the surveyor of highways in the performance of his duty ; and that the word " passable," means safely and conveniently passable, as well when applied to side-walks, as to the other portions of the travelled highway. Loker *v.* Brookline, 13 Pick. 343.

5. That the several statutes of Rhode Island, concerning side-

walks in the city of Providence, authorize the construction of side-walks in said city, and such side-walks being constructed and accepted by the city, under the authority of said act, it becomes the duty of the said city to keep said side-walks in a safe and convenient condition for pedestrians, at all seasons of the year. That whenever a fall of snow shall render any such side-walk, not conveniently safe and passable, the city is bound to use ordinary care and diligence to restore said side-walk to a reasonably safe and convenient state. That the statute referring generally to all highways, and all parts of such highways, points out the two modes, one of removing the snow, and the other of treading it down, for the purpose of rendering such highways safe and convenient; and the city of Providence, by their ordinances, have prescribed the rule for themselves and their citizens, by directing a removal of the snow from the side-walks, and have provided for the enforcement of this rule by their officers, and by penalties on the owners and occupants of estates.

6. That the public statute contemplates a removal of the snow in some cases, and a treading down in others, is manifest from the nature of the obstruction itself; it being an obstruction to travellers with sleds and sleighs, only when drifted or lying light, and subject to drift; as when trod down it greatly facilitates all travelling with vehicles adapted to the altered condition of the roads. But snow, under all conditions, is an obstruction to the pedestrian, and his safety and convenience are best provided for by an entire removal of it from his path. Hence the obligation to make the pathway set apart for such travellers, safe and convenient, in a large city, and along one of its principal thoroughfares, is not satisfied by leaving the snow to be trod down as it fell in drifts, or to be thawed and frozen into ridges of several inches in height, in such a manner as to throw down pedestrians using ordinary care and caution, although the side-walk might be passable in the sense that the snow was to be waded through or climbed over, or otherwise avoided by such travellers.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the circuit court of the United States for the district of Rhode Island.

The suit was brought in the court below against the city of Providence, to recover damages for an injury occasioned by an obstruction on the side-walk in one of its principal streets. The obstruction consisted of a ridge of hard-trodden snow and ice on the centre of the side-walk, along which the plaintiff was passing in the night time, and by means of which he fell across the ridge, breaking his thigh-bone in an oblique direction.

After the evidence closed, the counsel for the defendants

prayed the court to charge the jury that the statutes of Rhode Island, requiring highways to be kept in repair, and amended from time to time, so that the same may be safe and convenient for travellers at all seasons of the year, as far as respected obstructions from falls of snow, merely required that the snow should be trodden down or removed, so that the highways should not be blocked up or incumbered with snow; but did not require that said highways should be free from snow or ice, so that the traveller should not be in danger of slipping thereon; and that the said snow being so trodden down and hardened into ice, and the side-walk not blocked up or incumbered therewith, but open and passable in the sense of the statute, in this case the defendants were not liable.

The counsel for the defendants, also, after referring to the statutes authorizing the city of Providence to build and repair side-walks, and also to the ordinances of the city passed in pursuance thereof, further prayed the court to charge, that neither the said statutes nor the ordinances defined or enlarged the duty or liability of the city as to the removal of snow from the side-walks, beyond that under the general statute of the State, nor were they evidence of the degree of care required of the city by the general statute; but that, notwithstanding the same, the city would not be liable under the general law, if the snow on the side-walk was trodden down so as to be open and passable.

The court refused so to charge; but charged, that, by the statute law of the State, the city was obliged to keep this street conveniently and safely passable at all seasons of the year; that, by a special act, the legislature having authorized the city to have side-walks designed for foot passengers, it was bound to keep those side-walks convenient and safe for pedestrians; that the law did not require absolute convenience or safety, but safety and convenience in a reasonable degree, having reference to the uses of the way and frequency of its uses; that, when a fall of snow takes place, so as to render a side-walk not conveniently and safely passable, it was the duty of the city to use ordinary care and diligence to restore it to a reasonably safe and convenient state. That the law does not prescribe how this shall be done, whether by treading down or removing the snow; and that it was for the jury to find, as matter of fact, whether the side-walk, at the time in question, was in a reasonably safe and convenient state, having reference to its uses; and if it was not so, whether its want of safety and convenience was owing to the want of ordinary care and diligence on the part of the city; and in considering whether due diligence required the city to remove the snow, the jury ought to take into consideration the ordinances, not as prescribing a rule binding on the city, but as

evidence of the fact that a removal, and not a treading down of the snow, was reasonably necessary.

The 1st section of the statute of Rhode Island concerning highways and bridges, provides, " that all highways, town-ways, and causeways, &c., lying and being within the bounds of any town, shall be kept in repair and amended, from time to time, so that the same may be safe and convenient for travellers, with their teams, &c.," at all seasons of the year, at the proper charge and expense of such town, under the care and direction of the surveyor or surveyors of highways appointed by law. The surveyors are then authorized to remove all sorts of obstructions or things that shall in any way straiten, hinder, or incommode any highway or town-way, and when blocked up or incumbered with snow, they shall cause so much thereof to be removed or trod down as will render the road passable.

Among other provisions conferring upon the towns power to repair and amend the public highways, the 4th section enacts that each town, at some public meeting of the electors, shall vote and raise such sum of money, to be expended in labor and materials on the highways, as they may deem necessary for that purpose; and either the assessors or the town council, as the town may direct, shall assess the same on the ratable estate of the inhabitants, and all others owning ratable property therein, as other town taxes are by law assessed.

And the 13th section provides that if the town shall neglect to keep in good repair its highways and bridges, she shall be liable to indictment, and " shall also be liable to all persons who may in anywise suffer injury to their persons or property by reason of any such neglect."

It is admitted that the defendants are not liable for the injury complained of at common law, but that the plaintiff must bring the case within the above statute to sustain the action. It must also be admitted, that the act applies to cities as well as towns, and also to side-walks where they constitute a part of the public highway. This has been repeatedly held by the state courts in several States, under statutes substantially like the one under consideration. 13 Pick. 343; 13 Met. 297; 3 Cush. 121, 174; 4 Ib. 247; 6 Ib. 141, 524; 7 Greenl. 442; 15 Verm. 708; 19 Ib. 470; 21 Ib. 391; 2 N. Hamp. 392; 35 Maine, 100; Ib. 242.

The counsel for the defendants, conceding this view of the statute, and of the liability of the city generally, contends that, as it respects obstructions or impediments occasioned by the fall of snow, and accumulations of ice, the liability is qualified, and exists only in case of neglect to tread down or remove the snow, so that the track be not blocked up and incumbered thereby; and that, if the street or side-walk is passable by not being

blocked up and incumbered with snow, as it respects this kind of obstruction, it is made safe and convenient within the meaning of the statute. And the latter clause of the 1st section of the act which directs that when the highways are blocked up or incumbered with snow, the surveyor shall cause so much thereof to be removed or trod down as will render the road passable; and also the 13th and 14th sections, which authorize the towns to impose penalties for the removal of snow from highways, and subjects the town to an indictment for neglect therein, are referred to as countenancing this modified liability.

But it will be found, on looking into the several decisions under a similar act in Massachusetts, that no distinction exists between obstructions of a public highway by falls of snow, and those of any other description. In the case of Loker *v.* Brookline, 13 Pick. 346, 347, Morton, J., speaking of the 1st section of the statute, observes, that language so general and explicit cannot be misunderstood or restrained. It must extend to all kinds of defects, as well as to all seasons of the year; and an obstruction caused by snow is as clearly included as one caused by flood, or tempest, or any other source of injury. See also, 13 Met. 297; 6 Cush. 141.

The foundation of the action rests mainly on the 1st and 13th sections of the statute. The 1st imposes upon the town the duty of keeping in repair and amending the highways within its limits, so that the same may be safe and convenient for travellers at all seasons of the year; and the 13th declares, that if the towns shall neglect to keep in good repair its highways and bridges, it shall be liable to indictment, and shall also " be liable to all persons who may in anywise suffer injury to their persons or property by reason of any such neglect."

The other provisions, and among them those referred to by the counsel, relate to the powers conferred upon the towns to enable them to fulfil the obligations enjoined, and to the powers and duties of the several officers having charge of the repairs of the highways. Ample means are furnished the several towns to discharge their obligations under the statute.

The act of 1821, amended by the act of 1841, confers powers upon the city of Providence, to build and keep in repair their side-walks, at the expense of the owners of the adjoining lots; and as may be seen from the several ordinances of the city, given in evidence, these powers have been liberally exercised for the purpose.

The powers of the towns and of the city are as ample for the purpose of removing obstructions from the highways, streets, and side-walks, arising from falls of snow and accumulations of ice, as those arising from any other cause; and the reason for

the removal, so that they may be safe and convenient for travellers, is the same in the one case as in the others. The 13th section of the act which gives the personal remedy, makes no distinction in the two cases; and, in the absence of some plain distinction pointed out by the statute, it would be exceedingly difficult, if not impossible, to state one. It is conceded that an obstruction from falls of snow or accumulations of ice must be removed by the towns and cities, so as to make the highways and streets passable; and that this is a duty expressly enjoined upon them. The question is, what sort of removal will satisfy the requirement of the statute? It is admitted that, as it respects every other species of obstruction, the repairs must be such that the highways and streets may be safe and convenient for travellers; and that this is a question of fact to be determined by the jury. Is an obstruction by snow or ice to be determined by any other rule, or by any other tribunal? The counsel for the defendants suggests, that as it respects such safety and convenience for travellers in case of falls of snow, the statute should be construed as meaning merely that the snow should be trodden down or removed, as that the highways and streets should not be so blocked up or incumbered as not to be safely and conveniently open and passable. But it is quite clear that this would be a very indefinite and uncertain rule to guide either the officers, whose duty it is to remove these obstructions, or the jury in passing upon them when the subject of legal proceedings. The suggestion may be very well as an argument to the jury, for the purpose of satisfying them that the repairs in the manner mentioned were such as to fulfil the requirement of the statute, but to lay it down as a rule of law in the terms stated, might in many cases, and under the circumstances, fall far short of it.

The treading down of snow when it falls in great depth, or in case of drifts, so that the highway or street shall not be blocked up or incumbered, may in some sense, and for the time being, have the effect to remove the obstruction; but as it respects the side-walks and their uses, this remedy would be, at best, temporary; and, in case of rains or extreme changes of weather, would have the effect to increase rather than remove it. It is but common observation, and knowledge of those familiar with the climate of our northern latitudes, that not unfrequently the most serious obstructions arise from the great depth of snow and changes in the temperature of the weather; and that simply treading down the snow, and leaving it in that condition without further attention, would have the effect to render the highways and side-walks utterly impassable.

In the case also of obstructions from snow, the side-walks may

frequently require its removal, so as to make a safe and convenient passage for the pedestrian, when, at the same time, the treading of it down in the street would answer the purpose for the traveller with his team. The nature and extent of the repairs must necessarily depend upon their location and uses; those thronged with travellers may require much greater attention than others less frequented.

The just rule of responsibility, and the one, we think, prescribed by the statute, whether the obstruction be by snow or by any other material, is the removal or abatement so as to render the highway, street, or side-walk, at all times safe and convenient, regard being had to its locality and uses.

We are satisfied the ruling of the court below was correct, and that the judgment should be affirmed.

Mr. Justice DANIEL dissented.

### *Order.*

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Rhode Island, and was argued by counsel. On consideration whereof it is now here ordered and adjudged by this court that the judgment of the said circuit court in this cause be and the same is hereby affirmed, with costs, and interest until paid, at the same rate per annum that similar judgments bear in the courts of the State of Rhode Island.