THE TRUSTEES OF WHITE RIVER TOWNSHIP, COUNTY OF RANDOLPH, by WAY, Treasurer, &c., on the relation of SMITH, *v.* COTTOM, Supervisor, &c.

Section 26, 1 R. S. p. 467, does not contemplate that suit shall be brought against a supervisor upon the relation of any one.

The last clause of that section is directory to the township treasurer.

Nor can any informer, under that section, bring a suit on his own volition, in the name of the trustees, by the treasurer. Such suit must be brought by the treasurer, and the suit, when brought, is under his control, and may be dismissed by him.

APPEAL from the *Randolph* Court of Common Pleas.

WORDEN, J.—This was an action brought by the trustees of *White River* township, of *Randolph* county, by *James P. Way*, treasurer of said township, at the instance, and on the relation of *Jeremiah Smith*, against *John W. Cottom*, supervisor of road district number 1, before a justice of the peace.

Nov. Term, 1858.

THE TRUS-
TEES, &c.
v.
COTTOM.

*Friday,
December* 3.

The action was brought to recover a penalty of the defendant, for failing to use due diligence in keeping the highways in his district in good repair, and was predicated upon § 26, 1 R. S. p. 467, which is as follows:   *   *   * "And in case such supervisor shall fail to use due diligence in keeping the highways of his district in good repair, under the regulations herein prescribed; or who shall fail to call out the hands of his district, to work on the highways thereof, the number of days herein prescribed, unless a tax has been assessed for the repair of such highways; or who shall fail to bring suit for any of the forfeitures herein provided, when required to do so by this act; or who shall fail to perform any other duty enjoined upon him by this act; for every such offense, he shall forfeit the sum of ten dollars, to be recovered before any justice of the county, in the name of the township trustees, by the treasurer of such township; and all sums so recovered shall be for the benefit of the district for which such supervisor was elected or appointed; and such treasurer shall bring such suit within three days after receiving any information of any such forfeiture."

The cause was tried before the justice, and an appeal taken by the plaintiff to the Common Pleas.

In the Common Pleas, the action was dismissed, "because the trustees and the treasurer did not desire to prosecute it, and because the relator, *Jeremiah Smith*, had no right to take and prosecute the same." It was admitted that the relator was a resident of the district; that he had an out-lot in passing to which, from his residence, he had necessarily to pass over the road alleged to be out of repair, and impassible; and he, being willing to indemnify the trustees and treasurer, claimed the right to prosecute the

Nov. Term,
1858.

case, without their consent or leave. His application was overruled, and the cause dismissed. He excepted, and brings the case to this Court.

There was no error in the ruling of the Court. The statute above quoted does not contemplate that the suit shall be brought upon the relation of any one. The closing sentence in the section—"And such treasurer shall bring suit within three days after receiving any information of any such forfeiture"—is directory to the treasurer. It does not contemplate that an informer, of his own volition, may bring a suit in the name of the trustees, by the treasurer. The suit is to be brought by the treasurer, and is under his control, and may be dismissed by him whenever he sees cause to dismiss it. Neither the trustees, nor the treasurer, are here, complaining of the decision below; but the informer, whose name might have been stricken from the papers as mere surplusage, without at all affecting the validity of the proceedings.

*Per Curiam.*—The judgment is affirmed at the costs of the relator.

*J. Smith*, for the appellants.