ISAAC N. McCONNELL, PLAINTIFF IN ERROR, v. WILLIAM F. DEWEY, DEFENDANT IN ERROR.

1. **Roads**: DUTIES OF SUPERVISOR: ACTION AGAINST. The duties of a supervisor of public roads are of a general public nature, and he acts for the public at large, and therefore an action, at the common law, will not lie against him by an individual for an injury occasioned to his person or property, by reason of a defect in a public road or bridge.

2. ———: ———. It is alone within the province of the legislature to define and regulate the duties and responsibilities of such public officer.

ERROR from the district court of Gage county. The opinion states the case.

*N. K. Griggs*, for plaintiff in error.

*George M. Humphrey*, for defendant in error.

VOL. V—25

GANTT, J.

This action was brought by plaintiff against defendant, as supervisor of highways, to recover damages for an injury received in crossing over a bridge on the highway, alleging that the defendant suffered the bridge to be and remain in such bad repair and condition as to be unsafe and dangerous. The defendant pleaded a general demurrer, which was sustained, and judgment was rendered in favor of defendant.

The only question presented for consideration by the pleadings is, can a private action, under the statutes of our state, be maintained against a supervisor of highways for an injury occasioned to the property or person of a citizen, by reason of a bridge on the public road being out of repair? And upon this question, there is some conflict of authority; but this conflict seems to consist in exceptional cases, except in the state of New York. In that state it seems to be settled by the more recent decisions, that all officers are liable to a private action for negligence, excepting, however, judicial action from such liability; but it must, however, be observed that this doctrine of liability of all officers to private action, is a great departure from the earlier decisions of that state, and, therefore, it may be proper to briefly refer to the New York cases, and notice how this departure obtained in that state.

In *Hutson v. The City of N. Y.*, 5 Sandf., 321, Sandford, J., says, the true distinction is that "when the duty is to individuals specially, for a reward emanating from them, a civil action may be brought for neglect, whether of themselves or their subordinates; but when it is a duty to the public generally, undertaken alike for all citizens, the remedy for neglect is by indictment only, together with removal from office, when prescribed by law."

In *Bartlett v. Crozier*, 17 Johns., 440, Chancellor Kent, in delivering the opinion of the court, *held*, that no civil action will lie against an overseer of highways, at the suit of an individual, for an injury which he has sustained in consequence of the neglect of the overseer to keep a bridge in repair; nor, it seems, against the commissioners of highways, though if such private action would lie at all, it would be against them. *Freeman v. Cornwall*, 10 Johns., 470.

This seems to have been the settled rule in that state until the case of *The Mayor, etc., v. Furze*, 3 Hill, 617, in which Judge Nelson seems to have based his opinion upon the case of *Henly v. Mayor etc. of Lyme Regis* 5 Bing., 91. He quotes with approval, from the latter case, the broad expression that it "was undoubted law, that where an indictment lies for non-repair, an action on the case will lie at the suit of a party sustaining any peculiar injury." But when the questions involved in the case of *Henly v. The Mayor etc.* are critically examined, it seems clear that this expression partakes more of the nature of a *dictum* than an authority, and that it was incautiously used. It must, however, be observed, that as a rule of law, any such general remark of the judge, expressed in an opinion, should be understood with reference to the case under consideration, and not as extended to a class of cases subject to the operation of a different principle, and, therefore, the proposition above quoted should be taken with considerable limitation, and be applied alone to the case in which it was asserted.

It has, however, been said that the cases cited in *Henly v. The Mayor etc.* do not sustain the proposition enunciated. The argument in that case is, that there is no distinction between a liability by prescription and a liability arising within the memory; that if the *origin* of the liability *was legal*, it is wholly unimportant when

it took place, and then it is added: " We do not go the length of saying that a stranger can take advantage of an agreement between A. and B., nor even of a charter granted by the king, when no matter of general and public concern is involved; but where that is the case, and the king, for the benefit of the public, has made a certain *grant* imposing certain public duties, and that *grant* is *accepted*, we are of opinion that the public may enforce the performance of these duties by indictment, and individuals peculiarly injured, by action." This rule applies strictly to corporations by charter or prescription, where an original liability attaches, and not to political subdivisions of the government, constituting *quasi* corporations. In the case referred to by Judge Nelson, the king by letters patent granted to the defendant, the borough or town by the name of Lyme Regis, a charter, and also the pier, quay or cob, with all the liberties, *profits*, etc., belonging to the same, and remitted part of the rents, declaring in the grant that the mayor and burgesses, and their successors, should repair, maintain and support the buildings, banks, sea shore, etc., within the said borough, or situated between the same and the sea, at their own costs and charges. Hence, the argument seems to be based on the ground that having *accepted* the charter with its benefits and profits and the duties imposed, the defendant became legally bound to keep the buildings, etc., in repair, for the reason that the things granted by the charter were the consideration for the repairs to be made. This seems to be the extent to which the doctrine of liability can be legitimately carried in the case of *Henly v. The Mayor etc. of Lyme Regis*, and it will not be questioned that this is the settled rule at the present day. It applies to chartered corporations which derive some advantage to themselves.

The case of *The Mayor etc. v. Furze*, which seems to have been based wholly on that of *Henly v. The Mayor*

*etc. of Lyme Regis*, was soon followed by that of *Adsit v. Brady*, 4 Hill, 632, though in the latter it is said, that the "neglect should have been charged to be willful and malicious." And this departure from the common law doctrine has ever since been followed in the courts of New York. And in *Robinson v. Chamberlain*, 34 N. Y., 389, the doctrine of liability to private action for negligence is extended to all officers, except that "reason and public policy alike exempt judicial action from liability, in order to secure the perfect independence of the judiciary and for other controlling reasons."

Is this departure from the earlier adjudicated cases in New York sustained by the common law? I think not. On the contrary, the doctrine that a private action cannot be maintained, at common law, for an injury sustained by neglect of one whose duty is to repair highways, seems to be a very ancient one. In Brook's Abr., Title, Action on the Case, it is said upon the authority of the Year Books, that if a highway be out of repair, so that a horse was ruined and injured, no action lies by the owner against him who ought to repair it, for it is a public matter and ought to be reformed by presentment; and this doctrine was affirmed in the case of *Russell v. Men of Devon*, 2 T. R., 608, in which Ashurst, J. delivered the opinion, and after giving other reasons why the action could not be sustained, says: "But I think the case cited from Brook's Abr. is a direct authority to show, that no action could be maintained; and the reason of that case is a good one, namely, because the action must be brought by the public."

That case was followed in the case of *Riddle v. The Proprietors, etc.*, 7 Mass., 186, also in *Waltham v. Kempfer*, 55 Ill., 349, in which the court says, that with but few exceptional cases, this doctrine of non-liability to private action, at common law, has been held ever since

the case of *Russell v. The Men of Devon. Dunlap v. Knapp*, 14 Ohio State, 68.

In *Young v. The Commissioners of Roads*, 2 Nott & McCord, 537, it is said, that "it is difficult to imagine a more prolific source of litigation than would be found in the responsibility of commissioners of roads, in private actions, for neglect of duty to every individual who may be injured by such neglect. In the case of *Russell v. The Men of Devon*, it was held, that such action would not lie against an overseer of the roads, for an error of judgment in the execution of his trust. No case can be found in which such an action has been sustained. Where an officer has been appointed to act, not for the public in general, but for individuals in particular, and from each individual receives an equivalent for the services rendered, he may be responsible in a private action for a neglect of duty, but where the officer acts for the public in general, the appropriate remedy for his neglect of duty is a public prosecution." *Harmon v. Tappenden*, 1 East, 555.

In the case of *The City of Providence v. Clapp*, 17 How., 167, the liability is founded on the thirteenth section of the statute of Rhode Island, which provides a remedy by indictment, and also a liability "to all persons who may in any wise suffer injury to their persons or property by reason of any such neglect." But the court say, that, "it is admitted, that the defendants are not liable for any injury complained of at common law, but that the plaintiff must bring the case within the above statute to sustain the action." Cooley on Const. Lim., 247. *Mower v. Leicester*, 9 Mass., 250. *Farnum v. The Town of Concord*, 2 N. H., 392. *Adams v. Wiscasset Bank*, 1 Me., 361. *Baxter v. Winouski Turnpike*, 22 Vt., 123. *Eastman v. Meredith*, 36 N. H., 284. *Trustees, etc., v. Cottom*, 11 Ind., 216. And in *Freeholders v. Strader*, 3 Har. (N. J.), 118, after a careful

review of the English and American cases, and holding the common law doctrine of non-liability to private action in such case, it is said, that "from the earliest times, both in England and in this country, the immediate duties of attending to the erection and repair of public bridges have been placed by law upon some public officer, chosen for that purpose; and yet not a solitary case is on record of such public officer having been held liable for damages to individuals by reason of a neglect of his public duties."

Shearman and Redfield on Negligence, section 166, say, that, "in speaking of the liability of non-judicial public officers to civil action by private persons, it will be found convenient, if not indeed necessary, to a proper understanding of the decided cases, to make a distinction between those officers whose duties are of a general public nature, and who act for the profit of the public at large, and that other class of officers who are appointed to act, not for the public in general, but for such individuals as may have occasion to employ them for a specific fee paid." Upon this distinction, it seems the common law rule is founded, and is sustained by reason and principle, for in the one case, the officer acts for the public in general, and the manner in which he executes his trust is a matter between him and the public; but in the other, he acts for the individual for a reward emanating from him, and, therefore, the manner in which he performs his duty is a personal matter between him and the individual; and it seems, that in the former case, the rule can only be changed by direct legislative enactment; and I understand that the right of private action for an injury sustained by reason of the public roads being out of repair, is given by statute in the New England States, and in Wisconsin, Alabama, and Georgia, and also in Missouri, when there is willful neglect to keep the roads in repair, and in Iowa, upon notice in writing that any

bridge, or other portion of the public road is unsafe, and the same is not repaired.

Would it not, to say the least, be an unwise, if not a dangerous exercise of power, for courts, in contravention of the settled rules of the common law, to make laws giving the right of private action against public officers, whose duties are of a general nature, and who act for the benefit of the public at large, and not for the individual for reward therefor? And as a road district consists of a political sub-division of a county, in and for which a supervisor is elected, is it not alone within the province of the legislature to define his duties and legal responsibilities? The legislature have done so; and the tenth section of the statutes relating to public highways provides, that if the supervisor neglects to keep the roads in his district in good repair, as the means under his control would reasonably enable him to do, he shall be liable on his official bond to pay a fine, to be recovered by civil action before any justice of the peace in the county.

It is not to be presumed, that the legislature intended to charge the officer entrusted with the repair of roads and bridges with any greater responsibility by action than the penalty provided by statute, for neglect of duty. If it had been the legislative intent to introduce a new remedy for the benefit of individuals, it would certainly have said so by express provision, giving the injured party the right of private action against the officer. But again, section sixteen provides, that the county commissioners may let contracts to the lowest competent bidder for the improvement of such roads as may be of general necessity, and to pay for the same by orders on the county treasurer, payable out of the county road fund. Then, if the road (and a bridge is a part thereof), is of general necessity, and if a private action would lie, who is liable to such action, the county for the neglect of the com-

missioners to make the improvement, or the supervisor for his neglect to do so? May it not be difficult to deter-mine which would be the responsible party?

It seems clear, that the responsibilities of a public officer who acts for the public at large only, must be defined by legislative authority; and that the right of private action for an injury occasioned to an individual by reason of a defect in a public road or bridge can only be given by legislative enactment, and, therefore, we are of opinion that the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.