George W. Nagle v. Jeremiah Wakey et al.

1. COMMISSIONERS OF HIGHWAYS—*Not Liable for Failing to Keep a Bridge in Repair.*—An action will not lie against the commissioners of highways (who have in good faith and to the best of their ability expended the means at their command where they seemed to be the most needed) at the suit of an individual for an injury which he has sustained in consequence of a bridge being out of repair.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1894. Reversed. Opinion filed May 28, 1895.

BREWER & STRAWN, attorneys for appellant, contended that when it has been shown that the commissioners have had adequate means in their hands to remedy the fault, it is not sufficient for them to show that they had no funds on hand wherewith to cause the necessary repairs to be made; but they must show that they have sought in all proper channels to provide the funds or material and work for the repairs and have failed, or they will be held liable for the omission to act. Warren v. Clement et al., Commissioners, etc., 24 Hun (N. Y.) 472; Smith v. Wright et al., Commissioners, etc., 24 Barb. (N. Y.) 170; Adsit v. Brady, 4 Hill (N. Y.) 630; Lament v. Haight, 44 How. Pr. (N. Y.) 1; Eveleigh v. Town of Hounsfield, 34 Hun (N. Y.) 140; Rector v. Pierce, 3 Thomson & Cook (N. Y.) 418; Allen v. Sisson, 66 Hun (N. Y.) 140; Ivory v. Town of Deer Park, 116 N. Y. 476.

The doctrine that highway commissioners are not liable for negligence in any event was strongly contended for in

New York, and some early decisions can be found to that effect; but, after much consideration, the liability was maintained on the principle that "one who assumes the duties and is invested with the powers of a public officer is liable to an individual who sustains special damages by a neglect to properly perform such duties." Bennett v. Whitney, 94 N. Y. 302, 306; Bryant v. Town of Randolph, 133 N. Y. 70; Allen v. Sisson, 66 Hun 143; Wood v. Town of Gilboa, 76 Hun 175; Adsit v. Brady, 4 Hill, 632; 40 Am. Dec. 305; Smith v. Wright, 24 Barb. 170; Piercy v. Averill, 37 Hun 360; McCord v. High, 24 Ia. 336; Mayor v. Henley, 23 Eng. C. L. R. 32; S. C., 27 Eng. C. L. R. 366.

The same doctrine is held in this State. Tearney v. Smith, 86 Ill. 391; Allen v. Michel, 38 Ill. App. 313; Skinner v. Morgan, 21 Ill. App. 209; Hotz v. Hoyt, 135 Ill. 388, 397.

Defendants urged that the injury was the result of an accidental circumstance, for which the commissioners were not responsible. It is now well settled that when the loss is the combined result of accident and defect, and the damages would not have been sustained but for the defect, the plaintiff can recover if not in fault. City of Joliet v. Shufeldt, 144 Ill. 403; 42 Ill. App. 208; Ivory v. Town of Deer Park, 116 N. Y. 476; Hunt v. Town of Pownal, 9 Vt. 411; Palmer v. Andover, 2 Cush. 600; Morris v. Litchfield, 35 N. H. 271; 69 Am. Dec. 546.

It was said that the commissioners could not be held liable for want of judgment, and that whether the bridge needed repair, involved a judicial determination. On the contrary, appellants contend that the repair of the highway is a ministerial act. Tearney v. Smith, 86 Ill. 391, 396; Skinner v. Morgan, 21 Ill. App. 209; Piercy v. Averill, 37 Hun 360; Wood v. Town of Gilboa, 27 N. Y. S. 586; 76 Hun 175; McCord v. High, 24 Ia. 336.

MAYO & WIDMER and SNOW & HINEBAUGH, attorneys for appellees, contended that the commissioners, in the fall of 1892 and the summer of 1893, found themselves confronted with a condition of things not anticipated or expected.

The bridges, to accommodate public travel in all parts of the town, had been washed away or damaged by the excessive floods. To make the needed repairs immediately was out of the question. In the meantime the public travel had to be accommodated, and the commissioners were called upon to exercise their judgment, in view of the means at their command, as to what repairs were most needed and should be first made, and we maintain that this discretion and judgment will not be reviewed or controlled by any court. Commissioners of Highways of Bloomington Township v. The People ex rel., 19 Ill. App. 253.

Nor can they be held personally liable in damages for a failure to exercise their judgment in the same manner that some other persons might have exercised their judgment relative to repairs or improvements necessary to be made on the highways and bridges in the town. Neinsteil v. Smith, 21 Ill. App. 235; Pickerell v. Kunst, 15 Ill. App. 461.

The duties of highway commissioners are not wholly ministerial but are quasi judicial, in that they may exercise a discretion which can not, if exercised in good faith, be reviewed by the courts.

The case of Monk v. Town of New Utrecht, 104 N. Y. 552, elaborates appellee's contention as to the discretion reposed in commissioners of highways by the law. In that case plaintiff was injured by a notorious defect in the highway contributing directly to plaintiff's injury. By the act of the legislature of New York, towns, that is, municipal corporations, were liable, wherein commissioners of highways would be liable for neglect to keep roads and bridges in repair. The proof showed that from sixty-five to seventy miles of streets were within the jurisdiction of this town of New Utrecht.

In passing upon the liability of the officers of the town, the court say: " Under such circumstances, it was confided to the discretion of the commissioners to apply the funds in their hands in making such repairs as in their judgment were most urgently needed, and they were not responsible for an error of judgment in doing so." Citing Garlinghouse

v. Jacobs, 29 N. Y. 297, and Hover v. Barkhoof, 44 N. Y. 118.

The case of Garlinghouse v. Jacobs, *supra*, was where plaintiff's omnibus or stage broke through a rotten bridge on the highway, known by the commissioners to be out of repair and dangerous. It was in proof that these commissioners had funds in their hands more than sufficient to rebuild this bridge, but it also appeared in proof that there were other bridges in the town that were in need of repair, and that the funds were not sufficient to make all such other needed repairs. The Court of Appeals, in a well considered opinion and one of great learning, hold (1) that, not having sufficient funds in their hands, they were not bound to repair all the bridges, and that they owed to no one any duty to undertake more than they could meet with funds in hand; (2) that they necessarily had a discretion to exercise as to which of the bridges in the town they would undertake to repair; and (3) that this discretion, for aught that appeared, they exercised in good faith, and that it must be presumed that they did so.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellant brought this suit against appellees, and by the first count of his declaration alleged that they were and for a long time had been acting as commissioners of highways of the township of Grand Ridge in La Salle county, and had the care, superintendence, possession and control of a bridge in a highway of the township, and ought to have kept it in good and safe repair and condition and had adequate material, money and labor for that purpose, yet wrongfully and negligently suffered it to be in bad and unsafe repair and condition, with no railing or other protection to prevent a team and wagon from falling off, and of insufficient width; and that while he was driving across said bridge with all due care, one of the horses was caused to jump against the other by the noise of a frosty plank snapping, and he and the team were thrown off the bridge at the side, and his leg was broken at the hip joint.

The second count is the same as the first except that it charged that appellees wrongfully, negligently and unskillfully built and permitted to be built and remain the bridge in the condition stated, and that the horses suddenly took fright and swerved to one side, whereby appellant and the team were thrown off the side of the bridge and appellant's leg was broken at the hip joint.

A trial was had under a plea of the general issue, and resulted in a verdict for plaintiff for $100. Both parties entered motions for a new trial, which were overruled by the court, and judgment was entered on the verdict. Both parties have assigned errors upon the record.

At the trial plaintiff proved that defendants were commissioners of highways of the town of Grand Ridge. The defendant Jeremiah Wakey had held that office for eight years, and the defendants Englebert, Sauter and W. A. Dickerman had held the office since the spring of 1891. The bridge in question was located on a north and south road over a place where there was probably four or five inches in depth of water for a width of four feet. It was fourteen feet wide and eighteen feet long and consisted of seven floor joists resting on mud sills, and covered with planking. The floor was from three and a half to four and a half feet above the channel beneath, and there was no railing at the sides and never had been while the defendants were in office. In 1892 the bridge was old, and the defendants repaired it by putting in some new joists or stringers and covering it with new planking so as to make it safe for steam threshing machines. It was left in the same condition in other respects as before. On November 28, 1893, plaintiff was driving north on the highway, going after a hog, with a span of horses and a lumber wagon with side boards on top; and when on the bridge the horse on the left side was frightened and crowded the other one off the east side. Plaintiff went over with the wagon, and his leg was broken at the hip joint. To sustain his charge that the defendants had means in their hands to put up a railing or protection so that his team could not have got off, plaintiff proved the amounts

paid to defendants for road and bridge taxes in 1892 and 1893. Defendants, to meet the charges of plaintiff, proved that there were eighty-three bridges in their town to be cared for by them. Of these bridges seventy-one were of wood, seven were of iron, and five were stone arches. In 1892 there were unusual floods and most of the bridges were damaged, and four were carried away. Those that were washed away had to be replaced and the damaged ones repaired. Five new iron bridges were built in 1893, and the moneys at defendants' command had all been exhausted before the accident, and they had exceeded their funds to the amount of $1,300. They exercised their best judgment in the expenditure of the moneys on the roads and bridges of the town, and there was no evidence tending to prove any intentional neglect of duty or improper motive in what was done.

Complaint is made in behalf of appellant that errors occurred on the trial in rulings on the admissibility of evidence and in instructing the jury, and that the damages awarded were inadequate; but it will not be necessary to notice any of these questions, for the reason that in our judgment the action could not be maintained, and the cross-errors assigned should be sustained. Whether an action will lie against commissioners of highways for damages resulting to an individual from the manner in which they have discharged their official duty to the public, on the ground that it was not discharged with reasonable prudence and skill, has not been settled in this State by any decision of the Supreme Court. It has been often decided that an action for such damages can not be maintained against the town. Hedges v. County of Madison, 1 Gilman 567; Town of Waltham v. Kemper, 55 Ill. 346; Bussell v. Town of Steuben, 57 Ill. 298. And these decisions that there is no common law liability of towns in that regard are in accordance with the authorities generally. Although duties are specifically enjoined upon towns by law, and they have power to levy taxes and raise money for their performance, they are not liable in a common law action for damages sustained by an individual

on account of such duty being neglected or inadequately performed. Russell v. Devon, 2 Term R. 661; Riddle v. Proprietors, etc., 7 Mass. 169; Mower v. Leicester, 9 Mass. 247; Eastman v. Meredith, 36 N. H. 284.

The reasons always given for exempting towns from such actions are that they are established as local subdivisions and agencies of the State for governmental purposes, and that duties are imposed upon them without their assent, exclusively for public purposes. The same reasons apply with at least equal force to commissioners of highways as an agency through which a town performs a public duty. Any person elected to that office who shall refuse to serve, is subject to a penalty of $25. Rev. Stat., Chap. 139, Article 9, Sec. 7. The purpose of that penalty is to enforce the acceptance of the office, and its payment does not discharge one elected to a town office from the duty of acceptance and performance. He must yield to the public welfare, and the office is regarded as a burden, which he is bound in the interest of the public to bear; to the end that the government may be carried on. People ex rel. v. Williams, 145 Ill. 573.

The office is not one of profit, for the public only compensate a commissioner at about the rate of a day laborer. If he should neglect to perform any of the duties enjoined upon him while acting, the public injury renders him liable to a penalty of not less than $10, nor more than $50. The office and its duties are compulsory, and are imposed upon the individual for public purposes in like manner as upon the town. The courts draw a distinction between the town and the municipal corporation proper on the question of liability in favor of the town, and it would seem most unjust to reverse the rule as to the town officer, and hold him to the same responsibility as a city or other municipal corporation. It is questionable whether such a rule would tend to any better service of the public. If the officer must answer out of his private fortune for what a jury may regard as a deficiency in judgment, men capable of filling the office who have any property would naturally avoid it, especially

in view of the extent of the industry of bringing damage suits, covering with duties and neglect every field of imagination as well as fact. The statute has provided means for redressing the public wrong by a penalty, and that is sufficient to enforce the public duty.

It is provided by Sec. 2 of the statute in regard to roads and bridges, as follows : " The commissioners of highways shall have the charge of the roads and bridges of their respective towns, and it shall be their duty to keep the same in repair, and to improve them as far as practicable." They are clothed with a discretion as to the practicability of making improvements and as to the best methods to be employed. Hotz v. Hoyt, 135 Ill. 388. Attention is called by counsel to the decision in Tearney v. Smith, 86 Ill. 391, as establishing the doctrine that repairing a highway is a ministerial act, and that the commissioners are responsible for damages for the negligent performance of such an act. Even if it is proper to call the act of repairing a highway or bridge ministerial, it is a duty which unquestionably involves the exercise of judgment and discretion as to time, method and means, and is readily distinguishable from such ministerial duty as merely involves the following specific directions and instructions. It was immaterial in that case whether the act could be characterized as ministerial or not. It was a suit by an adjoining land owner for flooding his land in draining the highway, and the defendants could not have done that in a judicial or ministerial capacity. The court said that the underlying principle in the case was, that the public had no right so to use its own as to injure another, and that the principle obtained as to townships. The duty to the plaintiff was not a public one, and was not owing to the public generally, who might have occasion to use the road, but was a duty to him as an adjoining proprietor. The relations in such cases are the same, and the parties are governed by the same rules as adjoining land owners. Young v. Com's of Highways, 134 Ill. 569. The case is not authority for a rule that commissioners are liable in a case like this. Commissioners may be sued for trespass if they enter upon lands of an individual claiming the existence of

a highway where there is none, because the entry is an invasion of individual right; but it does not follow that an individual may sue where the only right is in the general public.

The towns make their selections of commissioners of highways to exercise their judgment and discretion in repairing and improving the roads and bridges of the towns, and when the public have had a fair and honest exercise of that judgment and discretion, they have got all that we think they are entitled to. It would be against reason to elect commissioners to use their best judgment, and then sue them for doing it. We do not think that the commissioners who in good faith and to the best of their ability have expended the means at their command where they seemed to them most needed, can be called upon to justify their judgment to the satisfaction of a jury at the peril of their savings.

It has been held that an action of this character would not lie in the following cases: Bartlett v. Crozier, 17 Johns. 438; McKenzie v. Chovin, 1 McMul. 222; Young v. Comrs., 2 Nott & McCord 537; Lynn v. Adams, 2 Ind. 143; Dunlap v. Knapp, 14 Ohio 64; McConnell v. Dewey, 5 Neb. 385. The decision in Bartlett v. Crozier, *supra*, that an action would not lie against an overseer of highways at the suit of an individual for an injury which he had sustained in consequence of the neglect of the overseer to keep a bridge in repair, was quoted approvingly in Hollenbeck v. Winnebago County, 95 Ill. 148, and later decisions in New York of a different character were ignored.

Being of the opinion that plaintiff had no right of action the judgment will be reversed.