# L. G. ENFORS, Plff.,

*v.*

# MUNICIPALITY OF SAN JUAN, Dft.

San Juan, Law, No. 1176.

### MUNICIPAL LIABILITY FOR SIDEWALK.

Municipalities—Powers.

    1. The law governing municipalities in Porto Rico is substantially of American, and not of Spanish, origin, and their powers are set forth in § 25 of the Municipal Law.

Municipalities—Liability to Suit.

    2. In accordance with the American theory of government, municipalities can sue and be sued.

Municipalities—Counties—Liability for Defective Streets and Sidewalks.

    3. Counties are mere political subdivisions of the state, and as the states are not suable neither are the counties, but cities are corporate entities and are liable for the acts of their officers.

Municipalities—Damages—Complaint—Allegations.

    4. Where a complaint states that the injury was the result of and caused by the negligence of the employees of the municipality pursuant to its instructions, it does not state a case for a defective street or sidewalk.

Municipalities—Payment of Judgment.

    5. Whether or not a judgment for damages against a municipality can be collected because there is no appropriation for a fund from which damages can be paid is a question for subsequent consideration.

Opinion filed April 4, 1917.

*Messrs. Pedro A. Rivera* and *H. G. Molina* for plaintiff.

Enfors v. San Juan.

*Messrs. Willis Sweet* and *R. H. Todd, Jr.,* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case alleges that plaintiff is a citizen of the United States and a resident of San Juan, that the defendant is a municipal corporation organized under the laws of Porto Rico, and that on the night of November 29, 1916, plaintiff, while walking up Olimpo street, "fell into an excavation which had been made in and along the sidewalk of said street by employees of defendant pursuant to its instructions. That said fall was the result of and caused by the negligence of the employees of defendant in failing to properly place signs, lamps, or other sufficient notice of the existence of said excavation," with the result of injuries amounting to $3,000. The defendant specially appears for the purpose of objecting to the jurisdiction of the court and for no other purpose, and says "that no authority is given by law or at all under or by virtue of which a suit or action at law for personal injuries of the character stated may be brought, and that, therefore, this Honorable Court is without jurisdiction."

1. The accident occurred in the street of one of the sections of the defendant city of San Juan, which is a municipality specifically incorporated by § 2 of a law of Porto Rico dated March 8, 1906, as amended March 14, 1907. As such, it has the following powers:

Sec. 2. "The inhabitants of any municipality within the meaning of this act are hereby constituted a body politic and corporate which shall have perpetual succession, may use its own official seal, sue and be sued, enforce and defend actions at law

and all manner of legal proceedings, acquire property by purchase, gift, or devise; by virtue of proceedings for the collection of taxes, by condemnation proceedings, or by any other means permitted in law, and may hold, manage and control the same; and may dispose of or encumber any of its property, subject to the provisions of this act. They may, in their said corporate capacity, perform such acts in general as may be necessary for the due exercise of their corporate functions as provided by this act, and may also exercise such powers as may be specifically conferred upon them."

The law in question contained, before amendment, 111 sections, and as amended is a code which covers substantially the machinery and duties of municipal corporations on the Island. Amongst the ordinances which the council have the power to pass are those on the subject of "(2) the survey, opening, paving, and lighting of municipal streets and roads," together with many other subjects, all as found in § 25 of the Act of 1906 as amended in 1907. There is no provision in this law for taxation to pay for damages caused by negligence connected with the streets, or damages of any other kind. The whole law is substantially of American, and not of Spanish, origin.

2. It is argued that the defendant is not liable to suit because it partakes of the sovereignty of the Island of Porto Rico, which was held to be exempt from suit without its consent, despite the use of the words, "sue and be sued." Porto Rico v. Rosaly y Castillo, 227 U. S. 270, 57 L. ed. 507, 33 Sup. Ct. Rep. 352. It is quite true that the Civil Code, § 1804, says: "The state is liable in this sense when it acts through a special agent." This, however, is not the American theory of municipal governments. They can and frequently do sue, they can be and frequently are

Enfors v. San Juan.

sued.  There can be no question about suability in general; the
only question is as to whether a duty is imposed which is, as
Dillon expresses it, a ministerial rather than a public duty.
Dill. Mun. Corp. § 983.  That depends upon the facts of each
case.

3.  It is argued that the defendant, like the original New Eng-
land towns, is not liable for defective streets and sidewalks, and
that, as they were only made liable by special statute, the de-
fendant is not liable because there is no statute declaring it to
be liable for accidents from defects in streets and sidewalks.
Providence v. Clapp, 17 How. 161, 15 L. ed. 72.  There is a
difference in liability of cities and counties, the theory being
that counties are mere political subdivisions of the state, and, as
the state is not suable, therefore counties are not suable, except
in certain cases as to bridges sometimes prescribed by statute.
On the other hand, cities are regarded in most of the United
States as corporate entities which are liable for acts of their
officers where those officers are acting for the corporation proper,
and not as officials of the public or state at large.  Instances of
the latter exception would be police officers, firemen, health of-
ficers, and the like, who may be appointed and paid by a city,
but really represent the general public.  Dill. Mun. Corp. 4th
ed. §§ 974–980.  In Alabama, for instance, it is received law
that a city is liable for injuries received by a person from a
hole negligently left in a sidewalk, defective bridge over a gut-
ter, and the like.  Lord v. Mobile, 113 Ala. 360, 21 So. 366, 1
Am. Neg. Rep. 397; Birmingham v. McCary, 84 Ala. 469, 4
So. 630; Montgomery v. Wright, 72 Ala. 411, 47 Am. Rep.
422.  Counties do not exist in Porto Rico, and it is unnecessary

for the purposes of this motion to discuss the respective liabilities of cities and counties.

4. It should be noticed, however, that the complaint in this case is not one for a defective street or sidewalk. It is directly for the acts of "employees of the defendant pursuant to its instructions." The question would be the same if the injury had resulted from negligence of defendant's employees in any other place than a street, such as a hole in the floor of a municipal building, wharf, or indeed if negligence of any kind had so resulted. What may be developed on the facts cannot be foreseen; but the complaint is not necessarily based upon the law of negligence as to streets. How far the doctrine of the Civil Code (§ 1804) as to exemption of a superior from effects of negligence of his employees may apply in suits under a law of municipalities taken from American sources may come up at the trial, and cannot at present be foreseen. Suffice it the complaint as drawn shows rather intervention by the municipality itself, than the negligence of employees.

5. It is argued that the powers of Porto Rican municipalities are limited, and that no appropriation and no provision is made for funds from which damages can be collected, even supposing that the defendant is held liable. Whether the defendant has any property which can be so applied would be a matter of subsequent consideration. In many instances this is not an obstacle. In many cases Federal courts have compelled the collection of claims by a mandamus for the levy of a special tax. Dill. Mun. Corp. §§ 849, 861; Knox County v. Aspinwall, 24 How. 376, 16 L. ed. 735; Riggs v. Johnson County, 6 Wall. 166, 201, 18 L. ed. 768, 778; Galena v. Amy (Galena v. United States) 5 Wall. 705, 18 L. ed. 560; Ex parte Rowland, 104

U. S. 604, 26 L. ed. 861. This, however, is a matter connected with the collection of the judgment if obtained, and need not be decided at this time.

The jurisdiction of this court is, therefore, complete and the motion is denied, and five days allowed for answer.

It is so ordered.