BEATTY *v.* THILEMANN.

</div>

*(Common Pleas of New York City and County, General Term.* February 10, 1890.)

MASTER AND SERVANT—PROOF OF RELATION.

A city having undertaken certain work, its commissioner of public works issued a requisition to defendant for the necessary material and men. As was customary in such cases, an officer of the department of public works took exclusive control of the workmen supplied by defendant, and directed them as to the mode and means by which the work was to be accomplished, and had power to discharge such of them as were incompetent. Defendant paid the men in the first instance, and was subsequently reimbursed by the city. *Held,* that the workmen were the servants of the city, and not of defendant.

Appeal from trial term.

Action by Jane Beatty, as administratrix of the estate of Robert Beatty, deceased, against Frederick Thilemann, Jr., for injuries sustained by plaintiff through the negligence of defendant's servants. There was an order denying a new trial, and judgment entered upon a verdict in favor of plaintiff, and defendant appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Fallon, Brunnemer & Crandall, (Elbert Crandall,* of counsel,) for appellant. *Joseph M. Williams, (Martin J. Keogh,* of counsel,) for respondent.

BISCHOFF, J. This action was commenced by Robert Beatty, and resulted in a judgment in his favor. Subsequent to the entry of judgment plaintiff died, and the proceedings were continued by his administratrix. The facts appearing upon the trial are briefly stated, as follows: On or about September 15, 1887, the mayor, aldermen, and commonalty of the city of New York, through the department of public works, undertook the building of a sewer on West Fifteenth street, between Tenth and Eleventh avenues. In the prosecution of that work it was necessary to take up and relay certain water-mains. On September 15, 1887, the commissioner of public works issued a requisition directed to the defendant, as follows:

"DEPARTMENT OF PUBLIC WORKS, 31 CHAMBERS STREET, NEW YORK.

"September 15th, 1887.

"*F. Thilemann, Jr.:* Please furnish and deliver to bureau of chief engineer, chargeable to repairing and renewal of pipe, stop-cocks, etc., necessary labor, material, and take up and relay water-mains on Fifteenth street, between Tenth and Eleventh avenues, rendered necessary for building sewer in said street, to be done under direction and to the satisfaction of the chief engineer of the Croton aqueduct, for and on account of the department of public works; and send bill, with triplicate, and this order and receipt attached, to room No. 7, this office. I certify to the necessity of the above work or supplies, and that the expenditure therefor has been duly authorized and appropriated. A certificate of the necessity of the above expenditure was placed on file in this department before the expenditure was incurred.

[Signed]                                       "D. LOWBER SMITH,

"Deputy & Acting Commissioner, D. P. W.

"Page No. 309.

"[On margin:] Requisition, September 14, 1887.

"G. W. BIRDSALL, Chief Engineer."

Acting upon this requisition, defendant supplied certain material and furnished workmen engaged in the work. On October 7, 1887, certain of the workmen were engaged in cutting a hole in one of the pipes required for the purposes of the work, using a hammer and chisel for such cutting, and, while plaintiff was passing or standing by, a "chip" or piece of the pipe flew off, striking plaintiff's eye, and destroying its sight. James Duane, a witness for plaintiff, and an engineer employed in the department of public works, on cross-examination admitted that it had been the practice of the department of public works for many years to issue requisitions such as the one above set forth, and that workmen thus furnished were at once taken charge of by an officer of the department called an "inspector," who was placed in charge of the work, at once assumed control of the men, was authorized to discharge such as were found incompetent, and who directed them as to the time, place, manner, and mode of doing the work, and means to be employed, and that the particular work referred to in the above requisition was in charge of an inspector named James Coleman. Coleman, also called as a witness for plaintiff, admitted that he was an inspector, and authorized by the department of public works to assume charge of the work in question, which he did; that he assumed control of the workmen supplied by the defendant; that such workmen were thereafter exclusively under his direction and control; that defendant gave no directions whatsover in the performance of the work, but that the time, place, mode, manner, and means of doing the work were directed by him, (Coleman.) Defendant, called as a witness on his own behalf, substantiated Coleman's testimony. It should also be noted that Coleman says that immediately prior to the occurrence of the accident he had directed the man cutting the pipe to desist from using a "dog chisel," that he procured a "diamond point" and "caulking hammer," and directed that the further cutting should be done with these; and that while using the "diamond point" and "caulking hammer" the plaintiff was injured in the manner stated. It also appears the defendant paid the workmen for their services; that he rendered statements to the department of public works for such services rendered and materials supplied; and that he received payment therefor. All of the above facts were without the slightest contradiction, and when the testimony closed defendant's counsel moved that the complaint be dismissed, on the ground that the workmen through whose fault or negligence the accident occurred were the servants of the city, and not of the defendant; that the relation of master and servant had not been shown to have existed between the defendant and such workmen; and that, therefore, no liability of the defendant could be predicated upon the negligence or carelessness of such workmen. This motion was denied, and defendant's counsel duly excepted. The court thereupon charged the jury, assuming such workmen to have been defendant's servants, and instructing the jury that for the carelessness or negligence of such workmen, if such was found to have existed, the defendant was liable. Defendant's counsel requested the court to charge that if the city exercised power of control of the work, and retained the right to exercise such power during the progress of the work, defendant was its servant, and not its contractor, and that in that case the workmen were the servants of the city, and not of the defendant; that, although defendant furnished the workmen, yet if the latter in doing the work were under the direction and control of the city, as to the mode and means by which such work was to be accomplished, defendant was not an independent contractor, and was not liable for the acts of such workmen done in pursuance of the directions of the officers of the city. These requests were all refused, and such refusals were duly excepted to by defendant's counsel. The jury thereupon found for the plaintiff in $4,000, and defendant moved for a new trial upon the minutes, and the grounds specified in section 999 of the Code of Civil Procedure. This motion was also denied, and from the judgment entered upon the verdict and order denying a new trial defendant has appealed to this court.

The learned judge before whom this case was tried erred in his denial of defendant's motion to dismiss the complaint, and in his refusal to charge as requested. The relation of master and servant did not exist between the defendant and the men employed in the construction of the sewer and the taking up and relaying of the water-mains. "If the injured party attempts to recover for his loss against any one other than him who is actually guilty of the wrongful act, it can only be on the ground that the relation of principal and agent, or master and servant, existed between the party sued and the party doing the act." JEWETT, J., in *Pack* v. *Mayor, etc.*, 8 N. Y. 225. In the present case there is no proof of such relation. Defendant supplied certain material and the workmen required in the performance of the work. Among such workmen were the men for whose carelessness he is sought to be held liable. It appears that he paid these men for their services in the first instance, and was subsequently reimbursed by the city. There is, however, no evidence that, acting under the requisition addressed to him, he went beyond supplying the inspector with men and materials. He nowhere appears to have assumed or undertaken the performance of the work himself. The uncontradicted testimony of the employes of the department of public works shows that the department itself, through the inspector, was in charge of the work; that it assumed entire control of the men; could terminate their employment by discharge; and directed them, not only in the performance of all the details of the work, and the manner and mode of doing it, but also in the use of the very tools employed by the men at the time of the accident complained of. The defendant, on the other hand, from the time he supplied the inspector with the workmen he was called upon to supply, ceased to exercise any further control over them. He does not appear to have participated in the performance of the work, and gave no direction whatsoever regarding the means or manner of doing it. He could not have retained the men if the inspector chose to exercise his authority to discharge them. The case of *Kelly* v. *Mayor, etc.*, 11 N. Y. 432, and the cases following that, must be distinguished from the present, in that a different state of facts is here presented. In the case last cited, the defendant had made a contract to do a certain work, according to certain specifications, under the supervision and direction of one of the city's officers; and says SELDEN, J.: "The object of the clause relied upon was not to give to the commissioner of repairs and the other officer named the right to interfere with the workmen, and direct them in detail how they should proceed, but to enable them to see that every portion of the work was satisfactorily completed. It authorized them to prescribe what was to be done, but not how it was to be done, nor who should do it." The very features absent in that case, and upon the absence of which the court dwelt as proof of the fact that the men employed were not the servants of the city, exist, however, in the present case. The defendant does not appear to have sustained any other relation to the work in question than that of the medium through which the department of public works procured its supply of labor and materials required by it in the performance of work assumed and undertaken by it. The fact that the men employed were paid by defendant for their services might, in the absence of evidence negativing the relation of master and servant, be accepted as some proof of employment, but it is by no means the determining test. If one person is under the immediate direction and control of another, who may terminate such control by discharge, and direct him what work to do, when to do it, how to do it, and to designate the means to be employed in doing the work, the relation of master and servant between these persons is complete, and the fact that the services are paid for by another is of no importance. No precise rule can be laid down which would be applicable to all cases. Whether or not one person was the servant of another must be determined by the facts of the particular case, after applying thereto the tests above mentioned; and applying those tests to the facts of the

present case, the conclusion is irresistible that the workmen employed were the servants of the city, and not of the defendant, and for the carelessness of such workmen the city, therefore, and not the defendant, must be held answerable. This view renders the discussion of the appellant's remaining points unnecessary. The judgment and order appealed from should be reversed, with costs to abide event, and a new trial ordered.