## SILVERMAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.   January 8, 1909.)

1. MUNICIPAL CORPORATIONS (§ 747*)—TORTS—LIABILITY.
    Where a foreman of a city who had charge of a park selected the driver of a rubbish wagon, and had power to remove him from the work and direct his employment, the driver was a servant of the city which was liable for his negligence, though the team, wagon, and driver were furnished by a third person who paid his wages, and was paid for the team and driver's services by the city.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1577; Dec. Dig. § 747.*]

2. MUNICIPAL CORPORATIONS (§ 851*)—PERSONAL INJURIES—PRIMA FACIE CASE.
    In an injury action against a city, plaintiff made out a prima facie case for recovery where he showed that, while seated upon a bench in one of the city parks, a wagon employed in removing rubbish and driven by a servant of the city approached from a direction opposite that in which plaintiff was facing, and passed over his foot, injuring it.
    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 851.*]

3. MUNICIPAL CORPORATIONS (§ 851*) — PERSONAL INJURIES — DRIVING WAGON IN DANGEROUS PROXIMITY TO PERSON.
    A person who, seeing another seated on a park bench, drove a wagon so near him as to pass over his foot, was negligent.
    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 851.*]

4. MUNICIPAL CORPORATIONS (§ 851*)— CONTRIBUTORY NEGLIGENCE — PERSON SEATED IN PARK—DUTY TO LOOK OUT FOR APPROACHING WAGONS.
    A person seated in a city park in broad daylight on a bench provided by the city for public use had a right to assume that a city employé driving a rubbish wagon would exercise ordinary care to avoid injuring him, and was not required to keep a lookout for approaching wagons.
    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 851.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Personal injury action by Phillip Silverman against the City of New York. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Henry Lieb, for appellant.

Francis K. Pendleton, Theodore Connoly, and Thomas F. Noonan, for respondent.

BISCHOFF, J. The action was for personal injuries, and the complaint was dismissed for failure of proof.

It appeared upon the trial that, while the plaintiff was seated upon a bench in one of the city parks, a wagon employed in the removal of rubbish and approaching from a direction opposite the one which the plaintiff was facing passed over his right foot, injuring it. The wagon, as well as the driver in charge, were supplied by one Mrs. McElivy to the defendant's foreman in charge of the work of maintaining the park in a proper condition. The driver was in the general employ of Mrs. McElivy, who paid his wages, while she, in turn, was paid for the use of the team and the driver's services by the defendant. Upon this state of facts it was error to hold that the plaintiff had failed to show a prima facie case for recovery.

It is unnecessary to argue that the driver, seeing the plaintiff seated upon the bench, was negligent in driving his wagon in such close proximity to him as to endanger his person. The fact is evident from the statement of the occurrence. Nor can it be said as a matter of law that the plaintiff was guilty of contributory negligence, in that, while seated upon the bench provided by the defendant for the use of the public, he did not maintain a lookout for approaching wagons. Whether or not he was reasonably justified under the circumstances in assuming that he was in no peril of injury from the defendant's employés at least was a question of fact, which, upon the evidence as it appears in the record, should have been resolved in his favor. It was broad daylight, and he was where he was at the time of his injury at the invitation of the defendant. He had a right, therefore, to assume that his presence there would be safeguarded by the exercise of ordinary care on the part of the defendant's employés. The foreman selected the driver. He had the power to remove and to discharge him from the work. He directed him in the work to be done, and how and in what manner it was to be done. Upon principle, as well as under the authorities, the driver was at the time of the injury the servant of the defendant, and the latter is bound to respond for his negligence. 20 Am. & Eng. Ency. of Law (2d Ed.) 12; Blake v. Ferris, 5 N. Y. 48, 55 Am. Dec. 304; Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017; Beatty v. Thilemann, 16 Daly, 20, 8 N. Y. Supp. 645.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.