## MARTHA J. STATER, Appellant, v. CITY OF JOPLIN, Respondent.

### Springfield Court of Appeals, May 19, 1915.

Municipal Corporations: Governmental Capacity: Liability.  Action against a city of the third class for injuries received by plaintiff because of an automobile patrol, which was carrying a prisoner, running into plaintiff's buggy and throwing plaintiff to the ground. It was alleged that the machine was defective and unsafe because of such defects. *Held,* that the city was acting in its governmental capacity in preserving the peace and was not liable and that a demurrer was properly sustained by the trial court.

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. David E. Blair,* Judge.

AFFIRMED

*Byron Coon, T. C. Tadlock* and *C. V. Buckley* for appellant.

(1) The court erred in holding the plaintiff could not recover on the facts stated in the petition. Barrie v. Cape Girardeau, 197 Mo. 383 and authorities cited in brief. (2) The court erred in sustaining defendant's demurrer to the petition. City of Greencastle v. Martin, 74 Ind. 449; Wilks v. Caruthersville, 162 Mo. App. 492, 501; Whitfield v. Carrollton, 50 Mo. App. 98; Flori v. City of St. Louis, 3 Mo. App. 231; Carrington v. City of St. Louis, 89 Mo. 209, 215, 216.

*E. F. Cameron* for respondent.

(1) A city is not liable for its governmental acts. The State nor those quasi-corporations consisting of political subdivisions, which, like counties and townships are formed for the sole purpose of exercising purely governmental powers, are liable for their torts. The same rule applies to municipal corporations in the exercise of similar powers, which are called discretionary powers of a public or legislative character. Cassidy v. St. Joseph, 247 Mo. 206-207. (2) The maintenance of the fire department, like the police department, is a governmental function. The city is not liable if this is done negligently, and even though the apparatus used is defective and known to be defective at the time of injury by the city or its employees. McKenna v. City of St. Louis, 6 Mo. App. 320; Ulrich v. City of St. Louis, 112 Mo. 140. (3) Police officers of a town (or chauffeurs for the police department) are not regarded as officers of the town in its corporate capacity, but rather governmental officers performing governmental duties for which the city is not liable. Worley v. Columbia, 88 Mo. 106; Kies v. Erie, 135 Pa. 144, 19

Atl. 553; Frederick v. Columbus, 58 Ohio St. 538; Wilcox v. Chicago, 107 Ill. 334, 47 Am. St. 434, 51 N. E. 35; Alexander v. Vicksburg, 68 Miss. 564, 10 So. 62; Saunders v. Ft. Madison, 82 N. W. 428; 5 McQuillan on Municipal Corporations, sec. 2431-2; Lawson v. Seattle, 6 Wash. 184, 33 Pac. 347; Wild v. Patterson, 1 Atl. 490; Heller v. Sedalia, 53 Mo. 159.

FARRINGTON, J.—The trial court sustained a general demurrer to plaintiff's petition, on which the plaintiff stood and brings her appeal to this court alleging error in holding that she could not recover on the facts stated. Counsel for plaintiff have made a fair statement of the case as alleged, and we adopt it:

"On the —— day of June, 1913, the plaintiff was sitting in her buggy, with the horse hitched thereto facing north, on the east side of Main street in the city of Joplin. Main street is the business street of Joplin, and the one where there is the greatest amount of traffic. It is nearly always crowded with buggies, hacks, people afoot, etc. The city is, or was at the time of the occurrence in question, a municipal corporation or city of the third class. It owned and operated an automobile to aid the police department in transporting prisoners from the place or places where they had committed their offenses against the ordinances to the police station. This machine was in charge of a driver or chauffeur employed by the city. On the day or early part of the night the chauffeur of this automobile, as it is charged, was hauling a drunk man, going north on Main street, who was entirely helpless and practically unconscious, to the station. He carelessly and recklessly drove the machine at a very rapid rate of speed, and carelessly and recklessly drove it to and against plaintiff's buggy, throwing her to the ground, injuring and crippling her for life. Also, said machine was carelessly suffered and permitted to become out

of order, the allegation on this point being, 'that said city carelessly and negligently suffered and permitted said automobile to become out of order, in this, that the running gear was old and worn out, or broken, or otherwise out of order, so that said chauffeur could not stop or turn it from one side to another, and because thereof he ran it to, upon and against plaintiff, throwing her out of said buggy,' etc. The trial court held that the plaintiff could not recover as a matter of law. The plaintiff duly appealed to this court.''

Plaintiff in her brief has abandoned the charge of negligence as to the carelessness of the agent or officer in driving the machine in a negligent manner, but contends that the city is responsible for using an automobile patrol which was known by the city officials to be out of order, worn and defective to such an extent that the driver could not operate it with reasonable safety on the streets of Joplin.

The rule is declared in the case of Bullmaster v. City of St. Joseph, 70 Mo. App. 60, that a municipality is acting in its governmental capacity and for the ''greater public'' when exercising the delegated power of preserving the public peace and good order or suppressing vice and immorality, and that ''when agents of the 'greater public' are guilty of nonfeasance or misfeasance in the exercise of any one of the former class of powers the principles of the maxim of *respondeat superior* do not apply, but the maxim does apply when the agents of the lesser public are guilty of nonfeasance or misfeasance in the exercise of the latter class of powers.'' This case is quoted from with approval in Barree v. City of Cape Girardeau, 197 Mo. l. c. 389, 390, 95 S. W. 330.

In the case of McKenna v. City of St. Louis, 6 Mo. App. 320, it is declared that a city cannot be held for defects and insufficiencies in its fire apparatus, which, because of such defects, strikes and injures a citizen standing on a sidewalk in the city, because it is held

that in the exercise of this power the city is acting in its governmental capacity. This case likewise, and the rule announced, is approved in the following cases: Boothe v. City of Fulton, 85 Mo. App. l. c. 19; State ex rel. Abel v. Gates, 190 Mo. l. c. 558, 89 S. W. 881; Donahoe v. Kansas City, 136 Mo. l. c. 665, 38 S. W. 571; and Barree v. City of Cape Girardeau, 197 Mo. l. c. 389, 95 S. W. 330. In the Cape Girardeau case (last cited) the city was held because of a wrong done by one of its servants while acting for the city in performing a ministerial function. In Ulrich v. City of St. Louis, 112 Mo. 138, 20 S. W. 466, and in Wilks v. City of Caruthersville, 162 Mo. App. 492, 142 S. W. 800, the same principle is announced.

In dealing with this question the Supreme Court in Cassidy v. City of St. Joseph, 247 Mo. l. c. 207, 152 S. W. 306, used this language: "The execution or non-execution of its ordinances lies in its own hand. The same result follows with respect to the agencies it shall choose, whether they be men or things. The *patrol wagon,* the city ambulance with its driver, the street sweepers with the vehicles and employees that gather the dirt, are all agencies of the government with respect to these matters as well as are the mayor and council who provide the rules that set them in motion. The rule *respondeat superior* does not apply as between them and the municipality, nor is the city under obligation to account to any private individual for the manner in which these discretionary duties are performed." (Italics are ours.) This seems to accord with the general weight of authority. [See, Wild v. Mayor, etc. of the City of Paterson, 1 Atl. 490; Frederick v. City of Columbus (Ohio), 51 N. E. 35; Alexander v. City of Vicksburg (Miss.), 10 So. 62; Saunders v. City of Ft. Madison (Iowa), 82 N. W. 428; Wilcox v. City of Chicago, 107 Ill. 334; 5 McQuillin on Mun. Corps., secs 2431, 2432; and other cases referred to in the Missouri decisions above cited.] A city can only

become liable for some act of omission or commission of its agents and servants, and in this case it was the act of one connected with the police department in failing to discover and remedy the defective agency for which recovery is sought

A number of cases cited by appellant fail as authority for her in this case as the acts complained of in them were done in the exercise of a ministerial or proprietary function, or one that was being done for the local or special benefit of the particular city or the citizens thereof, as, for instance: In Aschoff v. City of Evansville (Ind.), 72 N. E. 279, the city was engaged in the distribution of water to its citizens; and the same is true in Whitfield v. Town of Carrollton, 50 Mo. App. 98 (the demurrer was sustained on other grounds). In Carrington v. City of St. Louis, 89 Mo. 208, 1 S. W. 240, there was a failure to keep a street in repair (held to be purely ministerial). In City of Winona v. Botzet, 169 Fed. 321, 23 L. R. A. (N. S.) 204, the act was connected with the maintenance of the water system and not with the fire department. In Esberg-Gunst Cigar Co. v. City of Portland (Or.), 43 L. R. A. 435, the city was operating waterworks. In Barron v. City of Detroit (Mich.), 19 L. R. A. 452, there was a negligent construction of a market building. In Fox v. City of Philadelphia, 208 Pa. 127, 65 L. R. A. 214, an elevator was being operated in a building which had been turned over to the city by the State officials. In City of Providence v. Clapp, 17 How. 161, 15 L. Ed. 72, the point involved was as to keeping the streets safe. All the acts in these cases are clearly acts shown to have been done in a ministerial or proprietary exercise of power.

In the case of Bowden v. Kansas City (Kan.), 66 L. R. A. 181, cited by appellant, the city was held for negligence in failing to repair and mend a hole in the floor of the fire station which was known to be there and which caused a horse going to a fire to stumble and injure the plaintiff. The court there held that the

maintenance and care of the fire station was a ministerial duty and not a governmental one. That case, however, would seem to be an exception to the general rule rule. [5 McQuillin on Mun. Corps., p. 5071.]

It must be admitted that there is strong reason for holding that where a city has exercised the governmental power of determining the kind and character of fire and police apparatus to be used by it, it is then acting within its delegated powers for the "greater public," and that officers in performing their duties in this connection are public officers for whose negligence the city is not required to respond; but that when the city has exercised this governmental function of determining the general character of the apparatus, the keeping of that apparatus in proper repair becomes ministerial. However, this is not in accord with the Supreme Court and Court of Appeals' decisions in this State nor with the general weight of authority.

Under the present state of the law, the trial court was clearly right in sustaining the demurrer, and the judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.