FRANK OPOCENSKY, APPELLEE, v. CITY OF SOUTH OMAHA,
APPELLANT.

FILED MAY 19, 1917.    No. 19403.

1. Motor Vehicles: REGULATION OF SPEED. Since the decision in *Gillespie v. City of Lincoln*, 35 Neb. 34, the legislature has modified the law as stated in that decision by the enactment of section 3049, Rev. St. 1913. By this statute no motor vehicle is allowed to be operated at a greater speed than 12 miles an hours in any city or village, or at any dangerous rate of speed when not "answering emergency calls."

2. Municipal Corporations: OPERATION OF MOTOR VEHICLES: LIABILITY. When a motor vehicle, the property of the city, is being operated under the directions of the city authorities for the benefit of the property itself, and not in the performance of any governmental duty, the city will be liable for damages caused by the unlawful operation thereof.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

John A. Rine and W. C. Lambert, for appellant.

A. H. Murdock and Ringer & Bednar, contra.

SEDGWICK, J.

The plaintiff recovered a judgment in the district court for Douglas county against the city of South Omaha for damages caused by the collision of an automobile, owned by the defendant city and driven by one of its firemen, with the automobile in which the plaintiff was riding, and the defendant has appealed.

The defendant demurred to the amended petition, and, after verdict in the plaintiff's favor, defendant moved for judgment notwithstanding the verdict. The defendant makes five assignments of error, but they all are predicated upon the contention that the facts alleged in the amended petition are not sufficient to entitle the plaintiff to any verdict and judgment against the defendant city. The contention of the defendant is that, as the automobile

was for the exclusive use of the fire department of the city and was being driven by one of the members of the fire department, it must be held that the city was engaged in the exercise of a governmental function, and is therefore not liable.

Omitting the formal parts, the allegations of the petition that show the character of the question presented are: That the city of South Omaha at the time set forth in the petition was a municipal corporation, having less than 40,000 and more than 25,000 inhabitants; that Twentieth street between G street and Missouri avenue in said defendant city is a street within the corporate limits thereof which has for many years been opened, improved and placed in a condition for public use; that it is in the midst of a thickly settled part of the city and is a much traveled and used street; that at the time of the accident the plaintiff was traveling west on the north side of I street; that as they reached the intersection of said Twentieth and I streets, and "while they were traveling in an ordinarily careful, prudent and lawful manner, and the driver of said machine in which this plaintiff was riding having the same under full control, they were run into by the automobile herein described as belonging to the defendant city of South Omaha and then in use by the said city; that the said machine hereinbefore described was then being driven southwardly in the center of Twentieth street by one Kilker, an employee of said defendant city as an ordinary fireman in the fire department thereof, to whom the duty of driving said machine had been previously assigned by the chief of the fire department, and who was therein operating the said machine under the direction of and by the authority of the chief of the said fire department, said Kilker having been authorized and directed by the said chief to proceed with said machine to Twentieth street and thoroughly test it out;" that the defendant's automobile was then "being driven by the said Kilker at an exceedingly high and dangerous and unlawful rate of speed, to wit, fifty miles per hour, and that, at the time it was so

being driven by the said employee of the defendant city, it was not answering an emergency call made by any one to either the police, fire department, or city ambulance, but was so being unlawfully run in the manner aforesaid, under and by the direction of the said city official hereinbefore described; * * * and by reason of the further fact that the said machine was being driven on the wrong part of the street, to wit, the center of the street, the said Haney (the driver) was wholly unable to avoid being run into by the said approaching machine; that said machine in which plaintiff was riding was struck and overturned by the said automobile owned by the defendant city and being driven by the said Kilker, and by the force thereof this plaintiff was thrown out and under said machine as it struck the ground, and that by reason thereof he sustained great and lasting and permanent injuries."

The defendant relies largely upon *Gillespie v. City of Lincoln*, 35 Neb. 34, in which it was held: "A city is not liable at common law for the negligent acts of the members of its fire department." The court stated the question to be determined as follows: "Counsel says in his brief: 'The exercising of the team was a proper thing to do. It lies in the way of a proper discharge of the functions of the department. It was not *ultra vires*. The way in which it was performed is what we complain of.' Taking it for granted, then, that the driving of the team at the time in question was a proper exercise of the functions of the fire department of the city, and within the line of duty of the driver, we will proceed to examine some of the authorities bearing upon the question involved." The court then quoted from many of the earlier cases, mostly dealing with accidents happening while the firemen were engaged in controlling fires or preparing upon emergency to do so, and said that the city was not liable.

Conditions have greatly changed in the use of the streets of cities in Nebraska since the decision of *Gillespie v. City of Lincoln*, in 1892, particularly in the use of automobiles and other dangerous motor vehicles, and the legislature

has modified the law announced in that case, as found in section 3049, Rev. St. 1913: "Within any city or village no motor vehicle shall be operated at a speed greater than twelve miles an hour or at a rate of speed greater than is reasonable and proper, having regard of the traffic and use of the road and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person. * * * Provided, the speed limits in this section shall not apply to physicians, or surgeons, or police, or fire vehicles, or ambulances when answering emergency calls demanding excessive speed."

The driver of this automobile was not "answering calls demanding excessive speed." He was therefore violating the law. He was not performing any service enjoined upon him by the state, but was acting under the authority of the city, testing an article of the city property. Under modern conditions, such conduct is dangerous, and, as it is wholly unnecessary, is forbidden by express statute.

The petition states a cause of action, and the judgment of the district court is

AFFIRMED.

ROSE and CORNISH, JJ., dissent.