### 14035.   McCRARY *v.* CITY OF ROME.

The sprinkling of the streets of a city by the city is an act connected with the maintenance of the public health, and therefore is a governmental function; and the city is not liable for the negligence of one of its employees while actually operating the street-sprinkler or water-wagon for the purpose of sprinkling the streets. This is true although the sprinkling is done by the waterworks department of the city, and although that department is operated by the city for gain and profit.

DECIDED JANUARY 11, 1923.

Action for damages; from Floyd superior court — Judge Wright. October 23, 1922.

This is a suit by Lon McCrary against the City of Rome on account of alleged personal injuries. His petition shows, in substance, that on April 2, 1921, he was driving a horse hitched to a light spring-wagon, along East Twelfth street in the City of Rome, when suddenly, and at a rapid rate of speed, the city's water-wagon, which was sprinkling that street, approached him; that upon the approach of the water-wagon, which was an " immense yellow tank," his horse became frightened, and he held up his hand and hollered at the man in charge of the water-wagon to stop, but, instead of stopping, the driver of the water-wagon (although he saw that the petitioner's horse was frightened and that the petitioner was signaling for him to stop) continued to sprinkle the street and to approach petitioner; that water was pouring from the water-wagon, and that the noise incident to its operation, as well as its color, caused petitioner's horse to whirl and run away, with the result that petitioner was thrown out of the wagon, and was dashed against a building and severely bruised; that his injuries caused him great suffering and are permanent; that he was free from all fault and negligence, but that the defendant was negligent, in that the driver of the water-wagon, who was an employee of the city, knew that petitioner's animal was being frightened, and saw and knew that the immense yellow tank, and the

throwing and sprinkling of the water immediately in front of the animal, were frightening the animal, and the driver knew that petitioner's animal was being made to run away, but notwithstanding all this he failed and refused to stop the water-wagon; that the aforesaid conduct of the driver of the water-wagon was negligent and reckless, and renders the city liable in damages for petitioner's injuries; that the employee of the city was negligent in not stopping the water-wagon when he saw that petitioner's horse was frightened; that more than thirty days before the bringing of this suit petitioner filed with the city his written demand for damages, and that the city, more than thirty days before the filing of the suit, refused to pay the petitioner any damages for his injuries. It was further alleged, by way of amendment, that the city owned and operated its water-works department for hire, gain, and profit, and that the automobile tank was a part of the water-works department of the city, and was being operated by the department at the time of the injury.

The city filed a general demurrer to the petition as amended, the court sustained the demurrer and dismissed the suit, and the plaintiff excepted.

*Porter & Mebane,* for plaintiff.

*Max Meyerhardt,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.)

Conceding (but not deciding) that the alleged acts of omission and commission on the part of the city's employee were sufficient to constitute actionable negligence as against him personally, the petition shows affirmatively that the negligence was operative while the employee was in the performance of a governmental function, for which, it is well settled, the city is not liable. *Love* v. *Atlanta,* 95 *Ga.* 129 (22 S. E. 29, 51 Am. St. R. 64); *Cook* v. *Macon,* 54 *Ga.* 468; *Gray* v. *Griffin,* 111 *Ga.* 361, 368 (36 S. E. 792, 51 L. R. A. 131); *Mayor &c. of Dalton* v. *Wilson,* 118 *Ga.* 100, 101 (44 S. E. 830, 98 Am. St. R. 101).

However, counsel for plaintiff in error contend that the instant case comes under and within that line of decisions in which it is held that a municipality is liable for the negligent acts of its servants or employees while engaged in the performance of ministerial duties or functions, because of the allegations in the petition that the water-wagon was owned by, and operated under, the

water-works department of the city, and that the city operated that department for profit and gain. We cannot agree with this contention. This court will take judicial cognizance of the well-known fact that the dust in the streets of a city is liable to be infested with deleterious germs, and that the winds, or swiftly moving automobiles or street-cars, cause the dust and germs to fly about and settle in the eyes, ears, noses, and bronchial tubes of persons passing along the street, thereby producing in them illness and disease. We will also take judicial notice of the equally well-known fact that the sprinkling of streets tends to prevent the dust and germs from flying about and settling upon the persons of pedestrians and others who may be standing upon or passing through the streets. It clearly follows that the sprinkling of the streets of a municipality is conducive to the public health, and that, when done by the city, it is a governmental and not a ministerial function. It is true that the operation of a system of water-works by a city is not essentially a governmental function (*Huey* v. *Atlanta,* 8 *Ga. App.* 597 (1), 10 S. E. 71), but the sprinkling of its streets is not a necessary incident to the maintenance or operation of its water-works system, but, on the contrary, is an independent act, performed in connection with the maintenance of the public health, and one which is conducive to the health of all persons residing or visiting in the city, or merely passing through. The fact that the sprinkling was done by the water-works department of the city is immaterial. As was said by Justice Hill, who delivered the opinion for the court in *Mayor &c. of Savannah* v. *Jordan,* 142 *Ga.* 409, 414 (83 S. E. 109, 111; L. R. A. 1915C, 741; Ann. Cas. 1916C, 240), "It is not the character or name of the agent who executes the duty of removing the cause of discomfort and ill health to the public which fixes the character of the duty performed, but it is the act itself which determines whether it be governmental or ministerial. It is immaterial whether the work is done under the supervision of the board of health of a municipality, or by the 'Director of Public Works,' or under the 'Streets and Lanes Department.' The duty is the same, and that is to remove from the streets all the sweepings and garbage and whatever would contaminate the atmosphere and breed pestilence and disease; and such a duty is a governmental and not a ministerial function. It is one that the entire public, living within or with-

out the municipality, is concerned in,— the enforcement of laws for the preservation of the comfort and health of the citizen."

None of the decisions cited by counsel for the plaintiff in error is contrary to the ruling here made.

It follows from what has been said that the petition as amended failed to set out a cause of action, and that the court did not err in dismissing it on general demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*