GRIFFITH, RESPONDENT, *v.* CITY OF BUTTE ET AL.,
APPELLANTS.

(No. 5,615.)

(Submitted February 18, 1925. Decided March 17, 1925.)

[234 Pac. 829.]

*Personal Injuries—Cities and Towns—Liability for Injuries
Through Negligence of Servant.*

Municipal Corporations — Functions "Governmental" and "Municipal" —
Definition of Terms.
1. The functions of a municipal corporation (a city) are "govern-
mental"—those conferred upon it as a local agency of prescribed
and limited jurisdiction in administering the affairs of the state
and promoting the public welfare generally and "municipal"—
those granted for its special benefit and advantage.

Cities and Towns—Negligence of Servant in Exercise of Municipal
Duty—Liability of City.
2. Where the servants of a city while in the exercise of municipal
or corporate duties, as distinguished from governmental duties,
cause damage because of their negligence, the city is liable to
the same extent as in the case of a private corporation or an
individual.

Same — Injury by Street-sprinkler Truck — Governmental Duty as a
Defense—Answer.
3. Where in an action against a city for injuries sustained by
a minor in being run over by one of its sprinkler trucks, the
contention is advanced that the city was not liable because the
sprinkling of its streets is a governmental function exercised in
the preservation of the public health, it must in its answer show
that the work in the doing of which the injury was inflicted
had reference to the public health.

Same—Street Sprinkling a Municipal Function—Negligence of Driver
of Truck—City Liable in Damages.
4. *Held,* in view of statutory provisions relating to the power
of cities to provide for the sprinkling, cleaning, *etc.,* of streets,
and for the establishment of a board of health, that the sprinkling
of streets is more naturally referable to the maintenance of its
streets—a corporate, not a govermental function—than to the
preservation of the public health, and that therefore defendant
city was properly held liable for injuries inflicted by the negli-
gence of the driver of a sprinkling truck.

2. Liability of municipal corporation for damages occasioned in
exercise of sovereign or governmental powers, see note in 66 **Am.
Dec.** 434.

3. Liability of municipality for acts of employee engaged in sprin-
kling or cleaning streets, see note in 14 **A. L. R.** 1474.

4. Liability of municipality for tort committed in cleaning streets,
removing garbage or refuse, see notes in **Ann. Cas.** 1916C, 242; **Ann.
Cas.** 1918D, 834.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

ACTION by Raymond Griffith, by his guardian *ad litem*, Gomer T. Griffith, against the City of Butte and another. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. John T. Andrew* and *Mr. F. E. Blodgett*, for Appellant, submitted a brief; *Mr. Blodgett* argued the cause orally.

*Messrs. McCaffery & Sullivan*, for Respondent, submitted a brief; *Mr. J. J. McCaffery* argued the cause orally.

(NOTE.—The authorities cited by counsel for both parties on the principal question decided are incorporated in the opinion, and it is therefore deemed unnecessary to insert them here.)

MR. JUSTICE STARK delivered the opinion of the court.

. . The plaintiff, a minor of the age of thirteen years, by his guardian *ad litem*, brought this action against the defendants to recover damages for personal injuries alleged to have been sustained by him in being run over by an automobile sprinkler truck which was owned by and under the care, supervision and control of the defendant city, and was at the time plaintiff received his injuries being operated upon the public streets of the city of Butte by the defendant Ollie Shoemaker as the agent, servant and employee of the defendant city in the performance of his duties as such and acting within the scope of his employment. The defendants appeared separately by motions to strike certain portions of the complaint, which motions were granted. The defendant Shoemaker did not appear further in the action.

A general demurrer to the complaint was filed by the defendant city, which was overruled, and thereafter that defendant filed its answer, in which it admitted that it had the care, supervision, and control of the automobile sprinkler truck in question, and also had the care, regulation and control of the

public streets within the city of Butte, and that at all the times mentioned in the complaint the defendant Shoemaker was its servant, but denied the allegations of negligence. As a separate and affirmative defense it was alleged that, if the plaintiff received an injury as alleged in the complaint, the same was due to his own carelessness and negligence which caused and contributed to his injuries.

The cause was tried to a jury, and resulted in a verdict and judgment in favor of plaintiff, from which the defendant city has appealed.

The evidence on the part of the plaintiff was to the effect that Montana Street of the city of Butte runs north and south and Gold Street east and west and intersects Montana Street, and at the point of intersection, and northerly therefrom, Montana Street has a grade of about seven per cent sloping to the south. On the east side of Montana Street, about fifteen or twenty feet north of Gold Street, a hydrant is located from which water was taken to fill the tank of the motor sprinkling truck involved herein. About 11:45 A. M. on October 3, 1922, the plaintiff, having come from the Webster school, which was located near by, on his way home stopped at the northeast corner of Montana and Gold Streets, and hailed a companion, asking for a ride on the latter's bicycle. This request being granted, the plaintiff stepped off the sidewalk on to the east side of Montana Street for the purpose of rolling up his pants' legs in preparation for the ride on the bicycle. As he did so he noticed the sprinkling truck standing at the hydrant while its tank was being filled. The truck was headed north. The plaintiff in rolling up his pants' legs was stooped over, facing south, and while he was in that position the defendant Shoemaker, who was in charge of the sprinkler truck, without starting the engine, and without sounding any signal or giving any warning, allowed it to back down the east side of Montana Street and swing around on to the north side of Gold Street, and in doing so ran into the plaintiff, knocked him down, ran over him and caused the injuries complained of.

The plaintiff's witnesses, McAlpin, Mondloch and Berryman, referred to the truck which ran over the plaintiff as the "city sprinkler," as a "city sprinkler truck," and the "sprinkler." The plaintiff himself said that shortly before the accident he "saw the water truck standing near there," and further stated: "I have seen that sprinkling truck quite a lot. It has always been down that way sprinkling the streets when I was going to school," and "I saw this truck, before I was injured, quite a few times around the streets."

On the part of the defendant it was shown that the defendant Shoemaker on the day in question was engaged in the regular employment of driving a sprinkling truck for the sprinkling of certain specified streets. When the plaintiff rested his case the defendant city moved the court to grant a nonsuit, upon the grounds: First, that the injury alleged to have been committed, if committed at all, was done while the employee of the city of Butte, Ollie Shoemaker, was engaged in operating a sprinkling truck, and which was one of the governmental functions of the city of Butte; second, that the complaint does not state facts sufficient to constitute a cause of action; third, that there is no statute upon which the city may be held liable or no statute making a municipal corporation in the state of Montana liable for an injury of this character and committed as alleged. This motion was denied.

There are five assignments of error, the first four of which present for consideration only the question whether under any view the city is liable for the injuries inflicted upon the plaintiff through the negligence of its employee Shoemaker in driving the auto sprinkling truck.

It is the contention of counsel for defendant that the sprin-**[1, 2]** kling of streets is a governmental function and that the city is not liable to any person who may be injured while it is engaged in doing so.

The authorities are all agreed upon the proposition that the functions of municipal corporations, although all of a public nature, are properly divisible into two great classes: (1) Gov-

ernmental, which are those conferred upon such a corporation as a local agency of prescribed and limited jurisdiction to be employed in administering the affairs of the state and promoting the public welfare generally; and (2) municipal, being those granted for the special benefit and advantage of the urban community embraced within the corporate boundaries. (28 Cyc. 267.)

"It is the settled rule that a municipality is liable at common law for its torts in the performance or nonperformance of municipal or corporate duties as distinquished from governmental duties. In other words, where its officers or servants are in the exercise of power conferred upon the municipality for its private benefit or pecuniary profit, and damage results from their negligence or misfeasance the municipality is liable to the same extent as in the case of private corporations or individuals." (Sec. 2622, McQuillin on Municipai Corporations.)

The rule thus announced is not questioned in any state except South Carolina. The main diffculty which confronts the courts in cases of this kind is to draw the line of distinction between governmental duties and municipal or corporate duties. As said by the supreme court of Mississippi in *Pass Christian* v. *Fernandez,* 100 Miss. 76, 39 L. R. A. (n. s.) 649, 56 South. 329, "It is a matter of no little difficulty to define what are and what are not purely governmental duties of a city. To a very large extent these questions can only be settled by the facts of each particular case, so variant are the conditions under which this question arises. The public or governmental duties of a city are those given by the state to the city as a part of the state's sovereignty, to be exercised by the city for the benefit of the whole public, living both in and out of the corporate limits. All else is private or corporate duty, and for any negligence on the part of the agents or employees of the municipality in the discharge of any of the private duties of the city the city is liable for all damages just as an individual would be." In that case the defendant city was held liable for injuries to

a child inflicted by the negligence of the driver of one of its garbage carts engaged in the hauling of rubbish from its streets.

In the instant case we are called upon to determine whether the mere fact that the city's servant, at the time he negligently inflicted injuries on the plaintiff, was engaged in driving a sprinkler truck for the sprinkling of portions of three or four streets relieved the city from liability for his negligence. Counsel for the respective parties have directed attention to numerous cases which they claim support their contentions of liability or nonliability under the circumstances detailed, and these, with many others have been examined in the course of the investigation, and to them attention is now directed.

Counsel for plaintiff relies upon the following cases: *Denver* v. *Maurer*, 47 Colo. 209, 135 Am. St. Rep. 210, 106 Pac. 875; *Missano* v. *New York*, 160 N. Y. 123, 54 N. E. 744; *Silverman* v. *New York* (Sup.), 114 N. Y. Supp. 59; *Quill* v. *New York*, 36 App. Div. 476, 55 N. Y. Supp. 889, 5 Am. Neg. Rep. 324; *Ostrom* v. *San Antonio*, 94 Tex. 523, 62 S. W. 909; *Opocensky* v. *City of South Omaha*, 101 Neb. 336, L. R. A. 1917E, 1170, 163 N. W. 325; *Jones, Admr.*, v. *City of Richmond*, 118 Va. 612, 88 S. E. 82; *Hewitt* v. *City of Seattle*, 62 Wash. 377, 32 L. R. A. (n. s) 632, 113 Pac. 1084; *Johnston* v. *City of Chicago*, 258 Ill. 494, Ann. Cas. 1914B, 339, 45 L. R. A. (n. s.) 1167, 101 N. E. 960; *Fowler* v. *City of Cleveland*, 100 Ohio St. 158, 9 A. L. R. 131, 126 N. E. 72. All of these cases recognize the general rule stated in section 2622, McQuillin on Municipal Corporations, above, and make varying applications of it.

In *Denver* v. *Maurer* the city was held liable to a pedestrian who was injured by tripping over a hose stretched across the sidewalk while being used to flush a storm sewer which had become clogged with filth so as to be a menace to health. Holding that flushing the sewer was a corporate and not a governmental act, the court said: "When the city, acting in its private corporate character, by means of that sewer, created on its streets a condition that menaced the health and comfort of the community, no authorities need be cited to show that it

was its private corporate duty to remove that condition from its streets. It follows, therefore, that the flushing of that sewer, though done to preserve health and comfort, was not done primarily in the performance of the governmental duty relating to the preservation of health, but was done in the discharge of the general duty of caring for the streets.''

In *Missano* v. *New York* liability was fastened upon the city because of the negligence of the driver of an ash-cart driven by one who was employed in the street-cleaning department, on the ground that the driver was engaged in a private corporate act and not in a governmental capacity, and it was held: ''The fact that the discharge of the duty of repairing and cleaning the streets of a city might incidentally benefit the public health does not make the acts of the commissioner of street cleaning a public function, so as to exempt the city from liability for personal injuries caused by employees engaged therein.'' And a like rule was adopted by the court in disposing of *Silverman* v. *New York, Quill* v. *New York* and *Jones, Admr.,* v. *City of Richmond.*

In *Ostrom* v. *San Antonio,* the city was held liable for a trespass committed by the driver of a garbage wagon.

The plaintiff in *Hewitt* v. *City of Seattle,* while crossing a street near its intersection with another street, was run over and injured by an automobile driven by the superintendent of the street department of the city. The city was held liable for the resulting damage because the duty of the superintendent of streets was corporate and not governmental.

It is not deemed necessary to discuss the other cases cited, for the reason that the facts involved were so different from those presented in the instant case as to render them of little value in deciding the question under consideration.

Counsel for the defendant city have cited, as holding that it is not liable under the allegations and proof in this case: *Love* v. *Atlanta,* 95 Ga. 129, 51 Am. St. Rep. 64, 22 S. E. 29; *McCrary* v. *City of Rome,* 29 Ga. App. 384, 115 S. E. 283; *Louisville* v. *Carter,* 142 Ky. 443, 32 L. R. A. (n. s.) 637, 134 S. W.

468; *Conelly* v. *Nashville,* 100 Tenn. 262, 46 S. W. 565; *Kippes* v. *Louisville,* 140 Ky. 423, 30 L. R. A. (n. s.) 1161, 131 S. W. 184, *Harris* v. *District of Columbia,* 256 U. S. 650, 14 A. L. R. 1471, 65 L. Ed. 1146, 41 Sup. Ct. Rep. 610 [see, also, Rose's U. S. Notes Supp.] ; *Tzatzken* v. *City of Detroit,* 226 Mich. 603, 198 N. W. 214; *Scibilia* v. *City of Philadelphia,* 279 Pa. 549, 32 A. L. R. 981, 124 Atl. 273; *Gold* v. *City of Baltimore,* 137 Md. 335, 14 A. L. R. 1389, 112 Atl. 588; *Lynch* v. *North Yakima,* 37 Wash. 657, 12 L. R. A. (n. s.) 261, 80 Pac. 79; *Nicholson* v. *Detroit,* 129 Mich. 246, 56 L. R. A. 601, 88 N. W. 695; *Stater* v. *City of Joplin,* 189 Mo. App. 383, 176 S. W. 241.

In *Love* v. *Atlanta* the uncontradicted testimony showed that the injury complained of was inflicted by the servants of the city employed in that department of the city whose duty it was to look after and preserve the public health, and, inasmuch as it appeared that the injury was inflicted by the defendant's servants while engaged in the performance of work essential to the discharge of that particular duty, it was held that the city was not liable for their negligence, but in the course of the opinion the court said: "It will be observed, however, that in order to exempt a city from liability, it is not sufficient to show that the particular work, from the negligent performance of which by the servants of the city a citizen was injured, was being performed under the direction of the health authorities; but it must be shown that the particular work so being done was connected with or had reference to the preservation of the public health."

In *McCrary* v. *City of Rome* the court took judicial notice of the fact that the sprinkling of the streets was an act performed in connection with the maintenance of the public health and one which is conducive to the health of all persons residing or visiting in the city or merely passing through, and followed the decision in *Love* v. *Atlanta.* It is to be noted, however, that in the decision there is no reference to the statutes of Georgia

showing under what authority the sprinkling was being done by the city.

In *City of Louisville* v. *Carter* the statutes of the state or ordinances of the city governing the sprinkling of streets are not referred to, so there is no way of determining from a reading of this case whether the court would have held that there was no liability under statutes similar to ours.

In *Conelly* v. *Nashville* the plaintiff was sitting in her buggy, which was standing near a sidewalk. A sprinkling cart, driven by one engaged in the service of the city, collided with the wheels of the buggy, causing the injury complained of. A demurrer to the complaint was sustained on the ground that it appeared that the employee of the city was engaged in the performance of a governmental and not a ministerial duty. In passing on the case the court observed that the ordinance under which the city was operating the sprinkling cart was adopted under the section of the city charter which gave it authority to "make regulations to secure the general health of the inhabitants, and to prevent and remove nuisances."

In *Kippes* v. *Louisville* the petition alleged negligence of the city employees in flushing the streets with a hose which was in such an unsafe condition that it burst and caused the plaintiff's injuries. The answer of the city alleged that the hose used as a flusher referred to in the petition, and the other street flushers owned and operated by it, were used for the promotion and preservation of the health of the people for the city, and were necessary for this purpose as well as for the comfort and safety of the general public; that at the time of plaintiff's alleged injuries such flusher was being operated solely for the promotion of the health, safety and comfort of the inhabitants of the city and the general public, and that in using the flusher the city was exercising a governmental function. To this portion of the answer a demurrer was sustained, and on appeal the supreme court held that this part of the answer stated a defense, since it showed clearly that the flushing of the streets, as alleged, was a governmental function, performed in aid of the public health.

[72 Mont. 552.]

The case of *Harris* v. *District of Columbia* was certified to the supreme court by the court of appeals of the District of Columbia on the following question: "Is the sprinkling of the streets to keep down dust for the purpose of the comfort and health of the general public, a public or governmental act as contradistinguished from a private or municipal act, which exempts the District of Columbia from liability for the injuries caused by one of its employees engaged therein?" It appeared from the case that the sprinkling of the streets by the city was an act preliminary to their being swept. Answering the question in the affirmative, the court said: "But, nothing else appearing, we are of opinion that, when sweeping the streets, a municipality is exercising its discretionary powers to protect public health."

In *Scibilia* v. *City of Philadelphia* the plaintiff was injured while standing at the side of a street by an autotruck loaded with ashes and operated by one of the employees of the bureau of street cleaning and public works. The court held that the gathering up and disposal of refuse by this bureau was primarily a health measure, a public governmental function, and therefore the city was not liable for the negligent acts of its employees while performing this function.

A mere cursory reading of the other cases cited shows that their fact conditions were such as to make them of no assistance in determining the issues in the case now before us.

The above cases which have been referred to somewhat at length are readily distinguishable from the one under consideration. In each of them (except *McCrary* v. *City of Rome*) it appeared definitely from the statutes, ordinances or proof that at the time the injuries complained of were inflicted upon the complaining party the city employees were performing acts under a department of the city government, which primarily were connected with or had reference to the preservation of the public health, and that their acts were being performed in furtherance of that governmental function.

In the case before us the statutes authorizing the city of
**[3, 4]**  Butte to provide for sprinkling streets and to defray
the cost thereof (subsec. 69, sec. 5039, and secs. 5272–5275,
Rev. Codes 1921) do not assume to declare that the same
shall be done in aid of public health.  No ordinance of the
city has been called to our attention indicating that the city
deemed the sprinkling of the streets to be a measure for the
protection of the public health; the answer filed by the de-
fendant city does not assert nonliability for the negligent
acts of Shoemaker on the ground that he was engaged in
public health service when the same were done; there is no
word of testimony in the record which even remotely indicates
that either the city or any of its employees had a thought
that such was its purpose; even the defendant's motion for
a nonsuit did not indicate that counsel considered that the sub-
ject of public health was in any way related to or connected
with the services being rendered to the city by the sprinkling
truck and its driver when the plaintiff received his injuries;
and, so far as disclosed by the record, the theory that Shoe-
maker was engaged in public health work was not mentioned
in this case until the filing of defendant's brief in this court.
As stated in *Love* v. *Atlanta, supra,* in order to exempt the
city from liability on the grounds claimed by counsel for de-
fendant on this appeal, it must be shown that the particular
work being done by its servant when the injury was inflicted
was connected with or had reference to the preservation of the
public health.

By subdivision 44 of section 5039, Revised Codes of 1921, a
city is given power to provide for a board of health and to
prescribe its powers and duties, and by section 2464 a city of
the class of Butte is required to have a local board of health
which, by section 2469, is granted very broad and compre-
hensive authority in guarding and protecting public health.
By subdivisions 6 and 7 of section 5039 the city is granted
general control over the establishment, control, maintenance
and cleaning of the streets.  Nothing further appearing, the

authority to provide for sprinkling of the same is more naturally referable to and connected with this control than to the health department. Under these conditions we cannot follow the rule laid down in *McCrary* v. *City of Rome, supra,* and assume that Shoemaker was engaged in service connected with the maintenance of the public health at the time in question.

Since the city wholly failed to show that Shoemaker was engaged in any work connected with the public health service at the time his negligence caused the plaintiff's injuries, we conclude from the record now presented that the city is liable therefor.

The duty of the city in connection with the maintenance of its streets is ministerial and corporate, and for its negligence in that connection, it is liable. (*Sullivan* v. *City of Helena,* 10 Mont. 134, 25 Pac. 94; *Snooks* v. *City of Anaconda,* 26 Mont. 128, 66 Pac. 756; *Ford* v. *City of Great Falls,* 46 Mont. 292, 127 Pac. 1004.)

Defendant's fifth assignment of error is predicated upon the action of the court in giving instruction No. 17A–5 over its objection. We think the instruction was proper under the facts of this case. (See *Fisher* v. *Jansen,* 128 Ill. 549, 21 N. E. 598; *City of Chicago* v. *Major,* 18 Ill. 349, 68 Am. Dec. 553; *City of Louisville* v. *Tompkins* (Ky.), 122 S. W. 174; *Washington* v. *Pacific Elec. Co.,* 14 Cal. App. 685, 112 Pac. 904.)

Counsel for defendant have devoted a considerable space in their brief to the discussion of two other propositions, but there are no specifications of error to which this discussion is directed, and for this reason they cannot be considered.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES HOLLOWAY and MATTHEWS and HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.