MARIO CASTRO FERNÁNDEZ and his wife ANA EMILIA MORAZA, Plaintiffs and Appellants, v. CAPITAL OF PUERTO RICO and FÉLIX TORRES, Defendants and Appellees.

No. 7646. Argued February 16, 1939.—Decided July 5, 1939.

R. *Castro Fernández* and *José López Baralt* for appellants. *J. Valldejuli Rodríguez* and *Brown, González & Newsom* for the Capital of Puerto Rico, appellee. *Adrián Agosto* for Mr. Félix Torres, appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Plaintiffs, in an action for damages arising out of an automobile accident, obtained a judgment against one of two alleged joint tortfeasors. The present appeal is from that part of the judgment which dismissed the action as to the Capital, a municipal corporation created by an Act of May 15, 1931. (Laws, page 626).

There are four assignments of error. They are, in substance, that the district court erred:

In deciding that the corporation's responsibility for the acts of an automobile driver was not established by a showing that the driver was a municipal employee.

In deciding that, in order to establish the corporation's responsibility for the acts of its employee, it was necessary to show that at the time of the accident he was acting within the scope of his employment.

In not finding that the municipal chauffeur was at the time of the accident in the service of the "branch" in which he was employed, or "on account of his duties".

In deciding that, in order to establish corporate responsibility for the acts of an employee, it was necessary to prove that the acts of the employee at the time of the accident were not ultra vires acts of the corporation.

The case does not hinge on the question as to the sufficiency of a showing that the accident was due to the negligent operation of the corporation's automobile by an employee of the corporation.

The third and fourth assignments present mixed questions of fact and of law.

An automobile, the property of the corporation, was used by the Municipal Director of Public Works. The driver of this automobile had been employed by the corporation through the Director of Public Works. The driver was paid by the corporation. He testified that his duty was to obey the orders given him by the director. It was the driver's custom, in accordance with instructions received from the director, to take the director's daughter home from school every afternoon. He testified that, on the afternoon in question, the director had given him some money and had told him to take it to the director's wife, and then to go to the school. The director had some vague recollection of this but was not clear about it. From what his wife had told him he thought it was probably true. At the time of the accident, the driver was travelling toward the director's home, not toward the school.

One witness testified to an admission said to have been made by the driver immediately after the accident to the effect that he was on his way "to the aqueduct". Entirely aside from any question as to the admissibility of such a statement as evidence of the fact admitted, and aside from any question as to the probative force of the statement itself, the district judge definitely found that the driver had not made the statement imputed to him.

The district judge quoted from Huddy, Cyclopedia of Automobile Law (9th ed.) vol. 7–8, 293; 6 McQuillan on Municipal Corporations (2d ed.) 1025, Section 2780 and 19 R.C.L. 1137, 1138, Sec. 414, as follows:

Huddy:

"In order to establish liability on the part of a municipality in this class of cases, it is necessary that the act complained of be within the scope of its corporate powers. If the act is done outside thereof, the municipality is not liable, whether its officers directed performance, or the act was done without express direction. Thus if a machine is used for the personal purposes of a municipal officer or employee, the municipality is plainly not liable."

McQuillan:

"Same—Personal injuries resulting from negligence.—Most of the litigation involving the liability of municipalities for torts have related to personal injuries. In this class of cases, five questions must be answered in the affirmative in order to warrant a recovery, namely:

"1.—Was the duty violated connected with a private or corporate duty as distinguished from a governmental duty?

"2.—Was the negligent person a servant of the municipality sought to be charged with the negligence?

"3.—Was the act in connection with which the tort was committed within the corporate powers of the municipality, i. e. not ultra vires?

"4.—Was the offending officer or servant acting within the scope of his authority, or, if not, was his act subsequently ratified by the municipality?

"5.—Was the municipality guilty of negligence, if the case is one where negligence must be shown, and was the plaintiff free from corporation by the legislature is ultra vires in the primary sense; ant of the municipality, by the assumption of risk or fellow-servant rule?"

Ruling Case Law:

"Ultra Vires Acts.—Ultra vires, it should be remembered, has two meanings. An act beyond the powers delegated to a municipal corporation by the legislature is ultra vires in the primary sense; an act by a municipal officer which the corporation had the power to but did not in fact authorize him to commit is ultra vires in the secondary sense. It is the policy of the law to limit municipal corporations strictly to the exercise of the powers granted them by their respective charters. Such bodies will not be permitted to assume powers and incur liabilities in derogation of the expressed intent of legislature, and in violation of the rights of the inhabitants, who may have become members of the corporation without their consent. It is accordingly well settled that when a municipal corporation undertakes a function not delegated to it by the legislature, it is not liable for negligence or misconduct in the performance of that function."

The district judge distinguished *Salt Lake City* v. *Hollister*, 118 U. S. 256 and *Woody* v. *Utah Power & Light Co.*, 54 Fed. (2d) 220, cited by plaintiffs. He was quite clear that

the driver, whether on his way to the director's home, with money for the director's wife, or on his way to the school to take the director's daughter from the school to her home, was not on any municipal errand and that if the corporation had authorized such use of its automobile, the authorization was ultra vires and the corporation was not liable.

Appellants cite the note to *Jones* v. *Sioux City,* 185 Iowa 1178, 10 A.L.R. 480, and *Opocensky* v. *S. Omaha,* 101 Neb. 336; *Johnston* v. *Chicago,* 258 Ill. 494 and *City of Oklahoma* v. *Foster,* 118 Okla. 120, 47 A.L.R. 822.

In the instant case the act which resulted in the injury complained of was neither a governmental nor "a corporate one". Neither the sending of money by the director to the director's wife, nor the sending of the automobile to the school for the director's daughter, was any part of the corporation's "general or corporate business". The corporation was not "performing in the exercise of a municipal function, a ministerial duty". The corporation was not "acting in its corporate or ministerial capacity".

We find no manifest error either in the weighing of the evidence by the district judge or in his conclusions of law.

Even if it should be conceded that a hypothetical assignment of the car to the Municipal Director of Public Works for his personal use would not have been ultra vires—even if we should assume with appellants that by reason of such an assignment, the corporation would have been responsible for the negligence of the driver, notwithstanding the fact that the Director of Public Works was not in the car at the time of the accident, and, notwithstanding the fact that the car was not being used at the time in any business enterprise—yet we find in the evidence no satisfactory basis for a conclusion that the corporation had in fact assigned the automobile to the director for his personal use.

The judgment appealed from must be affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús took no part in the decision of this case.